649 So.2d 357 (1995)
ALACHUA GENERAL HOSPITAL, INC. Petitioner,
v.
Sheila STEWART, As Guardian of the Person and Property of Shirley Sams, an Incapacitated Person, and Sheila Stewart, As Next Friend of James Walter Sams, an Incapacitated Person; and Celia Elbrecht, M.D. Respondents.
No. 94-2524.
District Court of Appeal of Florida, First District.
February 9, 1995.
Gary L. Sanders and Jean A. Bice of Pattillo & McKeever, P.A., Ocala, for petitioner.
Raymond F. Brady of McGalliard & Brady, Gainesville, for respondents.
WOLF, Judge.
Petitioner, Alachua General Hospital (AGH), seeks a writ of common law certiorari to quash the trial court's order denying a request to conduct ex parte interviews with three doctors who treated a patient in petitioner's hospital. The issue is whether a hospital charged with liability for the negligence of a physician alleged to be an agent of the hospital may conduct ex parte interviews with that physician without admitting before trial that the physician was the hospital's agent or employee.
AGH is the defendant in this medical negligence action brought by the patient's guardian which sought court permission to conduct ex parte interviews with three physicians who provided care and treatment to the patient in this case. The plaintiff alleged that AGH should be held vicariously liable for their negligent acts and omissions based on an employment or agency relationship between the physicians and the hospital. None of the three physicians are named as defendants *358 in the lawsuit. In its answer, AGH denied that an employee or agency relationship existed. The trial court denied the hospital's request to conduct ex parte interviews with the physicians.
Section 455.241(2), Florida Statutes (1989), in pertinent part, provides,
Except in a medical negligence action when a health care provider is or reasonably expects to be named as a defendant, information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential and may be disclosed only to other health care providers involved in the care or treatment of the patient, or if permitted by written authorization from the patient or compelled by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given.
The exception to the general rule of patient confidentiality emphasized above was discussed by the second district in Manor Care of Dunedin, Inc. v. Keiser, 611 So.2d 1305 (Fla. 2d DCA 1992). In Manor Care, an action was brought against a nursing home alleging negligence, wrongful death and violation of a nursing home patient's rights. There, plaintiff's counsel sought to prohibit counsel for defendant nursing home from communicating ex parte with any of its former employees who may have attended to plaintiff's decedent, basing the demand on his interpretation of section 455.241, Florida Statutes (1991). The trial court in Manor Care concluded that while plaintiff's counsel could contact and communicate with defendant's former employees, defendant's counsel could not.
The appellate court in Manor Care determined that defendant nursing home was permitted to discuss a patient's condition with its former employees without prior notice or subpoena, given the statute's exception for health care providers who are, or reasonably expect to be, sued by the patient. Id. at 1307 (citing Franklin v. Nationwide Mut. Fire Ins. Co., 566 So.2d 529, 532 (Fla. 1st DCA 1990), rev. dismissed, 574 So.2d 142 (Fla. 1990) (privilege applies "in all cases other than those where the health care provider is a defendant").
In construing this exception to the general rule of patient confidentiality, the court in Manor Care reasoned as follows:
The only reasonable construction of this provision is that the legislature intended to impose no impediment to health care practitioners' disclosure of patient data in their own possession once litigation is imminent, at least to the extent necessary to defend against such litigation. Moreover, the statute should present no impediment to informal investigatory contact with former employees, since their knowledge of the patient's condition can only have arisen while in the service of the particular provider/defendant.
Id. at 1307 (footnote omitted). Therefore, the district court granted the petition for writ of certiorari and quashed that portion of the trial court's order which barred defendant nursing home from contacting former employees as part of its preparation for defense. Id. at 1308.
The holding in Manor Care requires the same result in the case at bar. The basis of the court's decision in Manor Care was that the defendant nursing home faced potential liability for the alleged negligent care and treatment provided by their health care providers. In order to properly prepare its defense to these allegations, the nursing home was permitted to conduct ex parte interviews with the former employees. Id. at 1307. The court reasoned that their knowledge of the patient's condition could only have arisen while in the service of the nursing home, thus, justifying ex parte communication. Id.
Similarly, in the case at bar, the only knowledge possessed by these physicians concerning the patient's condition was acquired while they provided medical care and treatment to the patient at AGH. By asserting that any negligence on the part of these physicians is imputed to the hospital, plaintiff must also recognize that any information possessed by these physicians concerning the patient's condition is likewise imputed to the hospital. Allowing ex parte communication by petitioner with the three physicians in the case at bar would fulfill the statute's intent of *359 allowing medical malpractice defendants to use information in their possession pertaining to a patient's condition in order to develop those facts pertinent to their defense of plaintiff's allegations.
The fact that petitioner denied in its answer any employment, agency, or joint venture relationship with the physicians in question should not preclude it from speaking with doctors who are alleged to have committed negligent acts while practicing in petitioner's hospital.[1] Petitioner should be able to thoroughly investigate the type of care that is being provided in its hospital, especially if it is alleged that the care was not meeting acceptable standards. A restriction which would preclude this investigation would frustrate the hospital in its efforts to provide competent health care and reduce risks to its patients. We cannot support such a restriction.
In addition, respondent's entitlement to a physician-patient privilege must be determined by respondent's own actions, rather than the actions of another party. Traditionally, a waiver of a privilege is determined by the behavior of the party seeking to asset the privilege. See, e.g., Reed v. State, 640 So.2d 1094 (Fla. 1994) (filing of ineffective assistance of counsel claim waives attorney-client privilege), and Kusch v. Ballard, 645 So.2d 1035 (Fla. 4th DCA 1994) (discusses waiver of privilege by actions of third party). The actions of the plaintiffs who chose the playing field by alleging that negligence took place on the part of doctors practicing in petitioner's hospital constituted a waiver which would allow the hospital to speak to those doctors concerning the treatment that is the subject of this lawsuit.[2] We, therefore, grant the writ.
WEBSTER, J., concurs.
MICKLE, J., dissenting without opinion.
NOTES
[1] It is irrelevant to this dispute between petitioner and respondent that there may be a conflict between the doctors and the hospital as a result of the hospital's initial position in this litigation.
[2] It is also interesting whether respondent would assert that absent a lawsuit a health care provider could not discuss treatment rendered within their facility with the doctor who rendered the treatment. See § 395.017, Fla. Stat.