693 So.2d 1043 (1997)
PUBLIC HEALTH TRUST OF DADE COUNTY d/b/a Jackson Memorial Hospital; The University of Miami, Inc. d/b/a University of Miami School of Medicine; Jeffrey Augenstein, M.D.; Marek Zalewski, M.D.; Ernest Block, M.D.; and Eddy Carrillo-Sanchez, M.D., Petitioners,
v.
Denise Y. FRANKLIN, Respondent.
No. 96-1533.
District Court of Appeal of Florida, Third District.
May 14, 1997.
Robert A. Ginsburg, Dade County Attorney, Maria Arista-Volsky, Assistant County Attorney, for petitioner Public Health Trust of Dade County.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Steven E. Stark, Miami, for petitioner University of Miami, Inc.
Hickey & Jones and Gary R. Jones, Miami, for respondent,
Fleming, O'Bryan & Fleming and Paul R. Regensdorf, Ft. Lauderdale, for The Florida Defense Lawyers Association, The Florida Hospital Association, Inc., and The Association of Voluntary Hospitals of Florida, Inc. as amici curiae.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel S. Perwin, Miami, for The Academy of Florida Trial Lawyers as amicus curiae.
Before NESBITT, GODERICH and GREEN, JJ.
*1044 PER CURIAM.
The petitioner, the Dade County Public Health Trust d/b/a Jackson Memorial Hospital [Jackson Memorial], seeks a writ of certiorari quashing the trial court's order granting the plaintiff's motion to prevent defense counsel from communicating with physicians. We have jurisdiction, pursuant to Article V, section 4(b)(3), Florida Constitution, and Florida Rule of Appellate Procedure 9.030(b)(2)(A), and grant the petition for certiorari.
In the underlying case, Denise Franklin filed suit for medical malpractice against Jackson Memorial and against several individual defendants, who were agents or employee doctors of Jackson Memorial. In the complaint, Franklin alleged negligence by Jackson Memorial through the actions or inactions of its employees and agents including, but not limited to, the named defendants. Specifically, Franklin alleged, among other things, a failure to diagnose, a failure to obtain consults, and a failure to provide reasonable and sufficient supervision and training. Jackson Memorial and all the individual defendants answered the complaint denying liability.
During the course of discovery, Franklin sought to depose two doctors who had rendered medical care and treatment to her during the subject hospitalization and who were not named individually as defendants. Franklin sought to depose Dr. Reina Lipkind, a current agent or employee of the hospital, who had examined and treated her in the emergency room, and Dr. William Sunshine, a former agent or employee of the hospital, who had examined and treated her as part of a rheumatology consult. Jackson Memorial's attorney contacted these doctors to prepare them for the deposition.
When Franklin learned of these conversations, she filed an emergency motion to prevent Jackson Memorial's counsel from communicating further with Dr. Lipkind and Dr. Sunshine. She argued that these doctors were her "treating physicians," that as such, defense counsel could not have ex parte communications with them, § 455.241(2), Fla. Stat. (1995); Acosta v. Richter, 671 So.2d 149 (Fla.1996), and lastly, that they did not fall into the exception contained in section 455.241(2) for medical malpractice defendants because they could not reasonably expect to be named as defendants in the lawsuit since the statute of limitations, as to them, had run.
Jackson Memorial responded with a memorandum in opposition to the motion arguing that Dr. Lipkind and Dr. Sunshine were its agents or employees who had been involved in Franklin's treatment, that they were not Franklin's "current treating physicians," and that as its agents or employees, Jackson Memorial was vicariously liable for their actions or omissions. § 768.28(9)(a), Fla. Stat. (1995).
After hearing arguments of counsel, the trial court granted Franklin's motion to prevent Jackson Memorial's counsel from communicating with these physicians. Jackson Memorial seeks a writ of certiorari quashing that order.
Jackson Memorial contends that the trial court departed from the essential requirements of the law by restricting its right to freely defend itself in the subject litigation. We agree.
The exception to the general rule of patient confidentiality states:

Except in a medical negligence action when a health care provider is or reasonably expects to be named as a defendant, information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential and may be disclosed only to other health care providers involved in the care and treatment of the patient, or if permitted by written authorization from the patient or compelled by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given.
§ 455.241(2), Fla. Stat. (1995)(emphasis added).
In Alachua General Hospital, Inc. v. Stewart, 649 So.2d 357 (Fla. 1st DCA 1995), the First District construed this exception in a factually similar case. In Alachua General, the plaintiff's complaint alleged that the hospital should be held vicariously liable for the *1045 negligent acts and omissions of three physicians based on an employment or agency relationship between those physicians and the hospital. None of these three physicians had been named as defendants in the lawsuit. In its answer, the hospital denied the existence of an employment or agency relationship. Subsequently, the trial court denied the hospital's request to conduct ex parte interviews with those three physicians. The hospital then sought a writ of certiorari from the district court quashing the trial court's order.
The issue before the First District was "whether a hospital charged with liability for the negligence of a physician alleged to be an agent of the hospital may conduct ex parte interviews with that physician without admitting before trial that the physician was the hospital's agent or employee." Alachua General, 649 So.2d at 357. The First District in reaching its decision relied heavily on Manor Care of Dunedin, Inc. v. Keiser, 611 So.2d 1305 (Fla. 2d DCA 1992), a case where a defendant nursing home was permitted to discuss a patient's condition with its former employees without prior notice or subpoena, based on the statute's exception for health care providers who are, or reasonably expect to be sued by the patient. In Manor Care, the Second District construed the exception to the general rule of patient confidentiality and reasoned that:
The only reasonable construction of this provision is that the legislature intended to impose no impediment to health care practitioners' disclosure of patient data in their own possession once litigation is imminent, at least to the extent necessary to defend against such litigation. Moreover, the statute should present no impediment to informal investigatory contact with former employees, since their knowledge can only have arisen while in the service of the particular provider/defendant.
Manor Care, 611 So.2d at 1307 (emphasis supplied), cited in Alachua, 649 So.2d at 358. In other words, because the defendant nursing home in Manor Care faced potential liability for the alleged negligent care and treatment provided by its health care providers, the nursing home was permitted to conduct ex parte interviews with its former employees in order to properly prepare its defense on the basis that their knowledge of the patient's condition could only have arisen while in the service of the nursing home, thus, justifying the ex parte communication. Alachua, 649 So.2d at 358.
In Alachua, the First District applied the same rationale to the case before it and concluded that
the only knowledge possessed by these physicians concerning the patient's condition was acquired while they provided the medical care and treatment to the patient at [the hospital]. By asserting that any negligence on the part of these physicians is imputed to the hospital, plaintiff must also recognize that any information possessed by these physicians concerning the patient's condition is likewise imputed to the hospital. Allowing ex parte communications by petitioner with these three physicians in the case at bar would fulfill the statute's intent of allowing medical malpractice defendants to use information in their possession pertaining to a patient's condition in order to develop those facts pertinent to their defense of plaintiff's allegations.
Alachua, 649 So.2d at 358-59.
We are persuaded by the First and Second District's construction of the exception to the general rule of patient confidentiality and find that the hospital as an institutional health care provider has a right to conduct ex parte interviews with its own agents or employees for whom it might be vicariously liable.
Franklin argues that such interpretation is precluded by the Florida Supreme Court's subsequent decision in Acosta v. Richter, 671 So.2d 149 (Fla.1996). We disagree.
In Acosta, the issue before the Court was "whether defense counsel in a medical negligence action is barred from having an ex parte conference with a claimant's current treating physicians under the provision of section 455.241(2), Florida Statutes (1993)." Acosta, 671 So.2d at 150. In Acosta, the Court examined the opinions of the various district courts, including those of the First *1046 and Second Districts in Alachua and Manor Care, respectively, without approving or disapproving them. Acosta, 671 So.2d at 151 53. However, the Court then conducted a lengthy analysis wherein it concluded that on the one hand, the major purpose of section 455.241(2) was to restrict a physician from disclosing patient information except where a health care provider "is or reasonably expects to be named as a defendant" in a medical negligence action, and that on the other hand, "common sense dictates that a defendant health care provider should be able to discuss patient information to defend herself in a medical negligence action brought by the patient." Acosta, 671 So.2d at 156. Consequently, the Court held "that section 455.241(2), Florida Statutes (1993), creates a physician-patient privilege of confidentiality for the patient's personal medical information, and a limited exception to the privilege for a defendant-health care provider that reasonably expects to be named as a defendant in a medical negligence action." Acosta, 671 So.2d at 156-57.
Therefore, we believe that the outcome of this case is consistent with Acosta where the exception to the statute applies, and the general rule of patient confidentiality is waived as to the two doctors in question because Jackson Memorial has been named a defendant on a theory of vicarious liability for the alleged negligent actions or inactions of those doctors who are its agents or employees and who are not named defendants.
Accordingly, we grant the petition and quash the trial court's order preventing defense counsel from communicating with these physicians.
Petition granted; order quashed.