PER CURIAM.
This is a petition for writ of certiorari filed by Melody, a minor detained in HRS custody for several years. Her full name or other identifying information is being withheld. Having sued HRS over her treatment for several years, she is challenging an order which, inter alia, requires her to sign a release authorizing counsel for HRS to discuss Melody and her mental health treatment while in the care of various mental health providers, and authorizes those providers to voluntarily discuss the issues of the case and their testimony .without her counsel present.
Melody’s third amended complaint alleged counts of negligence, violation of statute, breach of fiduciary duty and other claims involving her custody and treatment with HRS. Declared dependent pursuant to chapter 39 of Florida Statutes in 1981, she was placed into the-custody of HRS which became permanent legal guardian in 1984. She was placed in various residential treatment centers from 1985 through 1997.
Included in her claims are allegations that during the years HRS held her in custody, it caused disruption of her life, moving her more than 20 times, exposing her to risks of foreseeable physical, sexual and other abuses, subjecting her to unsuitable and excessive medication, restraint, denial of communication and visitation with family and friends, and unlawfully providing medical, psychological and psychiatric care by having personnel countermand treatment directives of licensed health care providers.
HRS answered, denying the claims and asserting numerous affirmative defenses, and then filed a motion to require Melody to execute a release to allow HRS counsel to talk to her mental health care providers without her counsel being present, or alternatively for her treating doctors to speak to counsel for HRS ex parte. The order which *117 is the subject of this certiorari petition directs Melody to sign the release.
Certiorari lies for this type of challenge because of the potential material harm for which no remedy on appeal would be adequate. Disclosure of information by ex parte communication violating matters statutorily privileged, as petitioner Melody claims, would cause “cat out of the bag” harm. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987).
The privileges asserted here are based in part on section 90.508 of the Florida Evidence Code, which provides in subsection (l)(c):
A communication between psychotherapist and patient is “confidential” if it is not intended to be disclosed to third persons other than:
1. Those persons present to further the interest of the patient in the consultation, examination, or interview.
2. Those persons necéssary for the transmission of the communication.
3. Those persons who are participating in the diagnosis and treatment under the direction of the psychotherapist.
in subsection (2):
A patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of the patient’s mental or emotional condition, including alcoholism and other drug addiction, between the patient and the psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship,
and in subsection (3):
The privilege may be claimed by:
(a) The patient or the patient’s attorney on the patient’s behalf.
(b) A guardian or conservator of the patient.
(c) The personal representative of a deceased patient.
(d)The psychotherapist, but only on behalf of the patient. The authority of a psychotherapist to claim the privilege is presumed in the absence of evidence to the contrary.
Exceptions to this privilege between patient and psychotherapist include instances in which communications are relevant to the issue of the patient condition when that relates to a claim or defense, as set forth in subsection (4)(c):
(4) There is no privilege under this section:
(c) For communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense or, after the patient’s death, in any proceeding in which any party reliés upon the condition as an element of the party’s claim or defense.
The other basis for the claims of privilege is section 455.667, Florida Statutes (1997) (formerly section 455.241, Florida Statutes (Supp 1996)), which provides that patient records are not to be disclosed except upon written authorization of the patient or upon other specific grounds, such as compulsory examination records.
As Melody pointed out, nothing in either of these authorities, while they may in certain circumstances authorize release of information pertaining to her mental condition and treatment, authorizes ex parte communications by opposing counsel with those in possession of that medical record information. Further, she relies upon Acosta v. Richter, 671 So.2d 149 (Fla.1996), and the cases cited therein.
HRS attempts to distinguish Acosta on the grounds that it only concerned a request by defense counsel to speak to the plaintiffs current treating doctors. HRS claims that it intends to speak only to doctors who treated Melody in the past on behalf of HRS. However, the subject trial court order is extremely open ended, ordering authorization of communications with “various mental health care providers.” There is no definition in the trial court’s order as to who these providers are. It could be interpreted to mean all mental health care providers, past and present.
*118 HRS also claims that both parties already are in possession of the medical records of Melody’s health care providers. This, however, does not mean that she has in any manner waived the right to object to ex parte communications between them and defense counsel. .
Respondent, HRS’s main argument is that it is entitled to the requested ex parte consultations with doctors for whom it is being charged with vicarious liability on the grounds that they were agents of HRS when they treated or examined Melody. Case law from other districts supports this claim, with which we agree as a principle of law. See Public Health Trust of Dade Co. v. Franklin, 693 So.2d 1043 (Fla. 3d DCA 1997); Alachua General Hospital, Inc. v. Stewart, 649 So.2d 357 (Fla. 1st DCA 1995); Manor Care of Dunedin, Inc. v. Keiser, 611 So.2d 1305 (Fla. 2d DCA 1992). However, the problem remains that the order as entered far exceeds the parameters of these cases, allowing ex parte consultation with any and all mental health care providers, regardless of whether they were agents of HRS.
Accordingly, we grant the petition, quash the trial court order and remand for further proceedings consistent herewith.
GLICKSTEIN and KLEIN, JJ., and OWEN, WILLIAM C., Jr., Senior Judge,, concur.