DAVIS, Judge.
George Knittel, as personal representative of the Estate of Hedwig Knittel, peti *1280 tions for review of the circuit court’s interlocutory order granting Beverly Health and Rehabilitation Services, Inc.’s “Motion to Permit Defendant Equal Access to Witnesses.” Because the trial court’s order departs from the essential requirements of law, we grant the petition and quash the order.
In the underlying cause of action, which stems from the death of Hedwig Knittel (“the decedent”) after she had been a resident at Beverly Tampa’s nursing home, the Estate seeks damages for wrongful death and violation of decedent’s nursing home resident’s rights under chapter 400, Florida Statutes. As part of the litigation, which both parties agree is not a medical negligence action, Beverly Tampa moved, pursuant to section 456.057, Florida Statutes (2001), for court approval to conduct ex parte communications with nondefen-dant physicians who treated the decedent during her residency at the nursing home. These physicians were not employees or agents of Beverly Tampa.
Beverly Tampa argued below and on appeal that the communications in question fall under one of the exceptions to the statutory patient-physician privilege and that, pursuant to Royal v. Harnage, 826 So.2d 332 (Fla. 2d DCA 2002), the filing of a lawsuit does not create a privilege where none existed in the past. Specifically, Beverly Tampa maintains that because the statute does not preclude communications between and among “health care providers involved in the care or treatment of the patient,” see § 456.057, it should be able to communicate with the physicians who treated the decedent during the periods she was a resident at its nursing home facility.
In its written order, the trial court granted defense counsel the right “to discuss the medical condition, care or treatment of the resident with health care providers involved in the care or treatment of the resident.” Additionally, in its oral pronouncement, the trial court noted:
[Section] 456.057 doesn’t preclude [defense counsel] or members of her firm from talking to these people. Now, whether or not these people, these men or women, these treaters, these medical providers, give any information, you know, clearly that’s a different issue and I’m not ordering those folks, I don’t have any jurisdiction over those folks yet, I’m not telling them to do something or not do something.
[[Image here]]
I don’t know any of these folks that would ever give her anything without a subpoena or the consent of the patient. And if they do, they do so at their own peril. You know, not my issue, not my beef right now.
[[Image here]]
[Defense counsel] calling up Dr. Smith or Dr. Jones and saying I’d like to talk to you about Ms. X or Mr. Y, that doesn’t violate the statute. Now, if the medical provider gives information out, that may violate the statute.
In common law certiorari review, the petitioner must demonstrate that the challenged order departs from the essential requirements of law and that unless relief is granted he will suffer an injury for which he will have no adequate remedy of appeal. Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995). The Estate has met its burden here.
Section 456.057(5)(a) states in pertinent part:
[S]uch records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or the patient’s legal representative or other health care practitioners or providers involved in *1281 the care or treatment of the patient, except upon written authorization of the patient.
(Emphasis added.) Additionally, section 456.057(6) provides:
Except in a medical negligence action or administrative proceeding when a health care practitioner or provider is or reasonably expects to be named as a defendant, information disclosed to a health care practitioner by a patient in the course of care and treatment of such patient is confidential and may be disclosed only to other health care practitioners and providers involved in the care or treatment of the patient, or if permitted by written authorization from the patient or compelled by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given.
(Emphasis added.)
In Lemieux v. Tandem Health Care of Florida, Inc., 862 So.2d 745 (Fla. 2d DCA 2003), this court addressed the exception to the patient-physician privilege carved out for other health care practitioners and providers involved in the care and treatment of the patient. That case was before this court on a petition for writ of certiorari and involved an action for negligent hiring and retention of staff, as well as chapter 400 violations. This court held that the health care providers exception to the privilege only allows “health care providers currently involved in the care and treatment of the patient to share information about the patient’s medical condition.” Id. at 749.
[0]nce the health care providers are no longer ‘involved in the care or treatment of the patient,’ they may not continue to discuss a patient’s confidential medical information for their own, or anyone else’s, purposes. Once the underlying reason for the exception ends, so too must the disclosures permitted by that exception.
Moreover ... nothing in [this exception] allows for the disclosure of confidential medical information by one health care provider to the attorney of a different health care provider.

Id.

Here, Mrs. Knittel is deceased. Accordingly, there are no physicians currently involved in her care and treatment, and no statutory exception to the patient-physician privilege applies in this case.
Additionally, Royal, 826 So.2d 332, does not apply because it dealt with a medical malpractice action, which is not the case here. See Lemieux, 862 So.2d 745.
Finally, we note that the supreme court already has rejected the trial court’s determination that the statute is not violated by counsel contacting physicians until those physicians actually disclose confidential information. See Acosta, v. Richter, 671 So.2d 149, 156 (Fla.1996) (“[W]e reject the contention that ex parte conferences with treating physicians may be approved so long as the physicians are not required to say anything.”).
In conclusion, based on Lemieux, the order here granting Beverly Tampa the authority to engage in ex parte communications with physicians who are no longer treating the decedent departs from the essential requirements of law. Accordingly, we grant the petition and quash the order.
Granted.
ALTENBERND, C.J., and SILBERMAN, J., Concur.