911 So.2d 277 (2005)
ESTATE OF Delia F. STEPHENS, by and through Rita F. CLARK, personal representative, Petitioner,
v.
GALEN HEALTH CARE, INC., Galencare, Inc., and HCA-The Healthcare Company, Respondents.
No. 2D04-3002.
District Court of Appeal of Florida, Second District.
September 30, 2005.
*279 Susan B. Morrison of Law Offices of Susan B. Morrison, P.A., Tampa, and Kimberley M. Kohn of Wilkes & McHugh, P.A., Tampa, for Petitioner.
Wm. Jere Tolton, III, and Joseph F. Kinman of Ogden & Sullivan, P.A., Tampa, for Respondents.
VILLANTI, Judge.
The Estate of Delia F. Stephens (the Estate), the plaintiff in a medical negligence case, petitions this court for a writ of certiorari quashing an order allowing ex parte communications between the attorneys of the defendant hospitaloperated by Galen Health Care, Inc., Galencare, Inc., and HCA-The Healthcare Company (the Respondents)and the physicians and other health care providers responsible for Ms. Stephens' treatment. We grant the petition and quash the order because it is too broad in permitting ex parte discovery of medical information "with any treating physicians or health care providers who provided care and treatment to Delia Stephens at Brandon Hospital" during a specified time period. (Emphasis added.)
Ms. Stephens died while she was a patient at Brandon Hospital, which is operated by the Respondentscorporate entities that, according to the Estate, control policymaking, training, staffing, quality of care, and budgeting of Brandon Hospital. The Estate brought a negligence survival claim (count I) and a wrongful death action (count II) against the Respondents, alleging that failures in the overall management of Brandon Hospitalincluding failure to supervise and train its nursing staff and failure to provide proper custodial care, wound care, nutrition, hydration, and weight monitoringcaused Ms. Stephens' death. The Estate did not sue any of the treating physicians for medical negligence. The Respondents filed a "Motion For Order Authorizing Ex Parte Communications With Former Treating Physicians and Health Care Providers." The trial court, citing Royal v. Harnage, 826 So.2d 332 (Fla. 2d DCA 2002), granted the motion to allow the Respondents' attorneys to communicate ex parte with any physicians and other health care providers responsible for treating Ms. Stephens during the time alleged in the complaint. The Estate petitioned this court for a writ of certiorari quashing the trial court's order, arguing that the order violates Ms. Stephens' privilege as a patient to confidential communications with her health care providers. As discussed below, we agree because the trial court's order did not limit communication to agents and employees or former employees of the Respondents.
As a preliminary matter, we note that review by certiorari is appropriate in cases that allow discovery of privileged information. Lemieux v. Tandem Health Care of Fla., Inc., 862 So.2d 745 (Fla. 2d DCA 2003). This is because once privileged information is disclosed, there is no remedy for the destruction of the privilege available on direct appeal. Martin-Johnson, Inc., v. Savage, 509 So.2d 1097, 1099 (Fla.1987). The Estate argues that the trial court's order compels discovery of statutorily privileged medical information. Therefore, we properly have certiorari jurisdiction to review the order.
The next question is whether the order departs from the essential requirements of law. See generally id. To answer this question, we must examine the scope of the privilege of confidentiality between patients and their health care providers. *280 The Florida Legislature has defined this privilege as follows:
Except as otherwise provided in this section and in s. 440.13(4)(c) [dealing with worker's compensation], [a patient's medical] records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or the patient's legal representative or other health care practitioners and providers involved in the care or treatment of the patient, except upon written authorization of the patient.
456.057(5)(a), Fla. Stat. (2003). Patient information is expressly privileged from disclosure unless a statutory exception applies. The patient confidentiality privilege is "broad and express," and the exceptions to this privilege are limited. Acosta v. Richter, 671 So.2d 149, 154 (Fla.1996). Subsection 456.057(6)[1] provides four exceptions for when otherwise privileged information may be disclosed: (1) to other health care providers involved in treating the patient, (2) if authorized by the patient in writing, (3) if required by subpoena, or (4) in a medical negligence action when the health care provider is or reasonably expects to be named as a defendant. Acosta, 671 So.2d at 155-56.
The "major purpose" of the statute creating this privilege is to "restrict a physician from disclosing patient information." Id. at 154. The privilege protects the patient's interest in keeping the details and nature of his medical treatment confidential without fear of later disclosure by the one in whom he has placed his trust. In Royal, 826 So.2d 332, this court recognized a competing interest that members or co-employees of a professional association or partnership be allowed to discuss a pending lawsuit. In Royal, Mr. Harnage, as personal representative of his wife's estate, filed a medical malpractice wrongful death action against the Watson Clinic and its employee and partner, Dr. Royal. The estate did not file suit against Dr. Letson, a former employee of the Watson Clinic who had also treated Mrs. Harnage. The trial court issued an order prohibiting contact between Dr. Letson and the defendantsthe Watson Clinic and Dr. Royal. This court recognized the importance of allowing employers to speak with their employees about information obtained in the course of employment and endeavored to find an exception that would acknowledge this concern. Under the facts of Royal, the medical negligence exception did not fit. The medical negligence exception allows a physician to disclose patient information "to attorneys, experts, and other individuals necessary to defend the physician in a medical negligence action in which the physician is or expects to be a defendant." Lemieux, 862 So.2d at 748. But, Dr. Letson was not a defendant and did not reasonably expect to be named as a defendant. So, Royal attempted to use the reasoning of another exception to allow the Watson Clinic and Dr. Royal to have discussions with former employee Dr. Letson. Royal pointed to the exception for disclosure to other health care providers involved in treating the patientreasoning that because this exception allowed Dr. *281 Royal and Dr. Letson and other health care providers to discuss the patient's medical information at the time of the operation, the filing of a lawsuit did not diminish their ability to discuss patient information.
This court later suggested, in Lemieux, that this type of reasoning had only "superficial logic" for two reasons: (1) because the exception for discussion among health care providers involved in treatment is intended to allow "only health care providers currently involved in the care and treatment of the patient to share information about the patient's medical condition" and (2) because the exception for discussion among health care providers involved in treatment, unlike the medical negligence exception, does not allow for disclosure to attorneys, experts, or other individuals necessary for a defense. 862 So.2d at 749; see also Knittel v. Beverly Health & Rehab. Servs., Inc., 863 So.2d 1279, 1281 (Fla. 2d DCA 2004). However, the result in Royal, based primarily on this court's underlying concern for protecting an employer's interest in speaking with its employees or agents, is still correct. Significantly, in Lemieux, the inpatient rehabilitation center defendant was not seeking to have ex parte discussions about a patient with its former or current employees, but with "two physicians who ha[d] no relation to the facility at all and one physician who simply ha[d] privileges there." 862 So.2d at 751. In Lemieux, there was no underlying concern for the ability of employers to speak with their current and former employees. Lemieux mentioned another factor that distinguished it from Royalthat Royal involved medical malpractice and Lemieux did not. However, the chief concern in Royal was not what kind of case the plaintiff had, but the employer-employee relationship that existed between the defendants and the physician with whom they were seeking ex parte discussions.
Other courts have allowed for ex parte discussions between a defendant hospital and its agents, employees, and former employees when the hospital is being sued on a theory of vicarious liability, reasoning that it is important for a hospital faced with potential liability for the negligent care and treatment provided by its health care providers to conduct ex parte interviews with its former employees to properly prepare its defense. See, e.g., Pub. Health Trust of Dade County v. Franklin, 693 So.2d 1043 (Fla. 3d DCA 1997). The importance of a corporation being able to speak to its agents and employees is no less of a concern in other types of cases, for instance when a hospital is being sued for its "universe" of care, as we have here. This is especially true because the hospital, a corporation, can function only through its employees and agents, and its "knowledge" of information like how its standards for nurse training and patient care are being carried out depends solely on information acquired and reported by its agents and employees.
We have before us the same dilemma the court faced in Royal: how to reconcile an employer's right to speak with its employees or agents with a patient's right to nondisclosure of his personal medical information. As in Royal, the statutory exceptions to allow disclosure do not seem to fit. The medical negligence exception permits disclosure only "by a physician who `is or reasonably expects to be named as a defendant' in a medical negligence action." Acosta, 671 So.2d at 156 (quoting § 455.241(2), Fla. Stat. (1993)). The exception for disclosure among physicians involved in Ms. Stephens' treatment applies to allow "only health care providers currently involved in the care and treatment of the patient to share information *282 about the patient's medical condition ... in order to comprehensively treat the patient" and does not allow for disclosure to attorneys. Lemieux, 862 So.2d at 749.
Nevertheless, we can still uphold an employer's right to speak to its employees or agents without reaching the question of whether an exception applies because there is no "disclosure" when a hospital corporation discusses information obtained in the course of employment with its employees. Section 456.057(6) states that "information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential." The statute then goes on to discuss the exceptions to confidentiality, stating that patient information "may be disclosed only" when an exception applies. According to the plain language of the statute, a court reaches the question of whether there is an exception only upon finding that there is a disclosure.
A doctor is not revealing a patient's confidential patient information, in the sense contemplated by section 456.057, simply by discussing information obtained in the course of employment with employees or agents within a certain chain of health care communicationfor instance with hospital management responsible for setting standards of care.[2] These communications would not be disclosures requiring the Respondents to demonstrate that they fall into one of the exceptions for disclosing information. By way of illustration, when a client reveals confidential information to his attorney, the attorney is generally not considered to be disclosing that information in violation of attorney/client privilege or the duty of confidentiality by revealing factual details to firm partners, his secretary, his paralegal, or firm associates involved in the case. All of those people would be bound by the attorney/client privilege and the duty of confidentiality from disclosing the confidential information to anyone outside that circle, but information would flow freely within the confines of the employer/employee relationship. Similarly, when a patient reveals confidential information to a health care provider who is employed by or is an agent of a hospital corporation, a doctor is not disclosing that information in violation of doctor/patient privilege by discussing the patient information with the hospital's risk manager, for example.
Here, the Estate is suing the various corporate entities responsible for managing the Hospital. The corporate entities have no knowledge in and of themselves. They can act only through their employees and agents and should be able to speak to those employees to discuss a pending lawsuit. The Respondents' attorneys should also be able to speak with the Respondents' employees and agents as the corporate entities are able to function only through them. Such communication would not be a disclosure in violation of doctor/patient privilege under section 456.057, and therefore, we need not find an exception to permit the communication.
Here, the problem with the trial court's order is that it allows ex parte discovery of medical information "with any treating physicians or health care providers who provided care and treatment to *283 Delia Stephens at Brandon Hospital" during a specified time period. (Emphasis added.) The record that we have before us does not identify the specific individuals with whom the Respondents seek to have ex parte communications and whether those individuals were employees or agents of one or more of the Respondents at the time they provided care and treatment to Ms. Stephens during her stay at Brandon Hospital. Because the trial court's order is too broad, we conclude that it departs from the essential requirements of law and quash the order.
Petition for writ of certiorari granted; order quashed.
NORTHCUTT and SILBERMAN, JJ., Concur.
NOTES
[1] The text of section 456.057(6) is as follows:

Except in a medical negligence action or administrative proceeding when a health care practitioner or provider is or reasonably expects to be named as a defendant, information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential and may be disclosed only to other health care practitioners and providers involved in the care or treatment of the patient, or if permitted by written authorization from the patient or compelled by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given.
[2] We do not suggest that an employee doctor's revelation of confidential information to another employee or agent of the hospital would never be a disclosure in violation of section 456.057. For instance, the doctor would likely be "disclosing" in violation of section 456.057 by discussing patient information with the hospital parking garage security guard. However, the doctor is not "disclosing" patient information in violation of section 456.057 by speaking with corporate executives charged with overseeing patient care.