945 So.2d 534 (2006)
Yvette HANNON, as personal representative of the Estate of Nathan Scott Hannon, and on behalf of all survivors, Petitioner,
v.
Steven ROPER, M.D., Shands Teaching Hospital and Clinics, Inc., d/b/a Shands at Live Oak, Shands Medical Group of Live Oak, and Shands Healthcare; Robert Spindell, D.O., and B.S. Hegde, M.D., Respondents.
No. 1D06-389.
District Court of Appeal of Florida, First District.
November 16, 2006.
Rehearing Denied January 8, 2007.
John S. Mills of Mills & Carlin, P.A., Jacksonville; James W. Gustafson, Jr., of Searcy Denney Scarola Barnhart & Shipley, P.A., Tallahassee; and W. Roderick Bowdoin, Lake City, for Petitioner.
Susan L. Kelsey of Anchors Smith Grimsley, Tallahassee, for Respondents *535 Steven Roper, M.D., and Shands Teaching Hospital and Clinics, Inc.
Ronald L. Harrop of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Orlando, for Respondent Steven Roper, M.D.
John D. Jopling, Gainesville, for Respondent Shands Teaching Hospital and Clinics, Inc.
Jennings L. Hurt, III, and Henry W. Jewett, II, of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Respondent Robert Spindell, M.D.
John S. Derr, Tallahassee, for Respondent B.S. Hegde, M.D.
V. Julia Luyster of Bernstein, Chackman and Liss, Hollywood; Tracy Raffles Gunn of Fowler White Boggs Banker, P.A., Tampa; and Jeffrey Bigman of Smith, Hood, Perkins, et al., Daytona Beach, for Amicus Curiae Florida Defense Lawyers' Association.
Alan E. McMichael of Stripling, McMichael & Stripling, P.A., Gainesville, for Amicus Curiae The Academy of Florida Trial Lawyers.
THOMAS, J.
This petition for writ of certiorari requires us to determine whether, in this medical negligence action, the trial court erred in authorizing Decedent's physician, who is not a party to this litigation, to have ex parte communications concerning Decedent's medical care and treatment. We find that this authorization departs from the essential requirements of law and therefore grant the petition.
Petitioner has filed suit against Shands Teaching Hospital and Clinics, Inc., and two physicians for medical malpractice arising out of the death of her son ("Decedent"). The alleged malpractice took place at a Shands doctor's office and then at Shands Hospital in Live Oak. Thereafter, Decedent was treated at Shands Medical Center in Gainesville by Dr. Roper, who is employed by the University of Florida College of Medicine. Although neither Dr. Roper nor the University is a defendant in this case, the University's self-insurance program ("SIP") hired an attorney to represent Dr. Roper at his deposition scheduled by Petitioner. The SIP insures and defends both Shands and the University.
Petitioner objected to counsel hired by a representative of the defendant hospital being allowed to consult with Decedent's treating physician. Petitioner filed a motion for protective order seeking to prevent Dr. Roper from disclosing Decedent's medical condition, history, treatment or condition with anyone "other than as permitted by any of the enumerated statutory exceptions to the physician-patient privilege." Dr. Roper's counsel filed a counter motion for protective order seeking to prevent Petitioner from interfering with Dr. Roper discussing Decedent's care with his own counsel, arguing that any such interference would violate or infringe upon the attorney-client communication between Dr. Roper and his counsel.
The trial court issued an order granting Dr. Roper's motion for protective order and denying Petitioner's motion, effectively ruling that the patient confidentiality statute does not prohibit communication between a non-party physician/witness and his own attorney. This timely petition for certiorari follows.
A writ of certiorari should only be issued where the petitioner has no adequate remedy on appeal and where the trial court's order departs from the essential requirements of law. Metabolife Int'l, Inc. v. Holster, 888 So.2d 140, 141 (Fla. 1st DCA 2004). Here, the trial court's order denying Petitioner's motion for protective order based on a claim of privilege clearly *536 satisfies the first requirement. Estate of Stephens ex rel. Clark v. Galen Health Care, Inc., 911 So.2d 277, 279 (Fla. 2d DCA 2005). We therefore are asked to determine only if the trial court's order meets the second requirement and is a departure from the essential requirement of law.
Section 456.057, Florida Statutes (2005), establishes the physician-patient privilege:
(6) Except in a medical negligence action or administrative proceeding when a health care practitioner or provider is or reasonably expects to be named as a defendant, information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential and may be disclosed only to other health care practitioners and providers involved in the care or treatment of the patient, or if permitted by written authorization from the patient or compelled by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given.
(Emphasis added.) A plain reading of the statute demonstrates that there are four exceptions to the general rule. A health care practitioner or provider may discuss a patient's medical condition and treatment if: (1) it is necessary in order to defend the practitioner or provider in a medical negligence action in which the practitioner or provider is or expects to be a named defendant; (2) health care providers who are involved in the care and treatment of the patient need to discuss the patient's care and treatment with one another; (3) there is written authorization from the patient; or (4) the physician is subpoenaed. Only the first exception is at issue here.
Petitioner argues that because neither Dr. Roper nor the health care provider for whom Dr. Roper works is a defendant or can reasonably expect to be named a defendant, this exception does not apply and the information should remain privileged.
Because we are bound by the unambiguous language of section 456.057(6), we grant the petition. It is a well-settled rule of statutory construction that unambiguous language is not subject to judicial construction. State v. Jett, 626 So.2d 691, 692 (Fla.1993). Therefore, we reject Respondents' arguments that an exception to the confidentiality requirement exists due to Shands' statutorily-mandated relationship with the University. Section 456.057(6), Florida Statutes (2005), clearly forbids Dr. Roper from disclosing information concerning Decedent's medical condition and treatment to an attorney hired by a representative of the defendant hospital, since neither Dr. Roper, nor the provider that employs him, is named or expects to be named as a defendant in this action. See Acosta v. Richter, 671 So.2d 149 (Fla. 1996); Franklin v. Nationwide Mut. Fire Ins. Co., 566 So.2d 529 (Fla. 1st DCA 1990).
The petition for writ of certiorari is GRANTED and the order of the trial court is QUASHED.
WEBSTER, J., concurs; ERVIN, J., concurs with written opinion.
ERVIN, J., concurring.
In my judgment, the language of section 456.057, Florida Statutes (2005), reasonably appears to prohibit Dr. Roper from providing information to respondents regarding the decedent's medical care and treatment. Respondents argue that the legislature did not intend to bar such communications in a situation, such as this, in which a named defendant, Shands Teaching Hospital and Clinics, Inc., is, as respondents describe, "inextricably linked" to the employer of Dr. Roper, the University of Florida, by virtue of the state's statutory scheme for a teaching hospital, *537 Shands, to provide a clinical setting for the University of Florida Health Science Center colleges. See § 1004.41(4)(d), Fla. Stat. (2005) (authorizing the University of Florida to provide Shands with "comprehensive general liability insurance including professional liability from a self-insurance trust program established pursuant to s. 1000.24," which in turn authorizes self-insurance programs).
Respondents continue that, because by law, a self-insurance entity, i.e., the University of Florida self-insurance program, is required to serve Shands and the University of Florida, defendant Shands has both the right and the obligation to communicate with physicians such as Dr. Roper, who are employees of the University of Florida, and who work pursuant to the university's affiliation agreement with Shands. As a result of this linkage, respondents contend that it is not the interpretation given section 456.057 by Acosta v. Richter, 671 So.2d 149 (Fla.1996), and Franklin v. Nationwide Mutual Fire Insurance Co., 566 So.2d 529 (Fla. 1st DCA 1990), that controls, but rather that placed on the statute by Estate of Stephens v. Galen Health Care, Inc., 911 So.2d 277 (Fla. 2d DCA 2005); Royal v. Harnage, 826 So.2d 332 (Fla. 2d DCA 2002); and Public Health Trust of Dade County v. Franklin, 693 So.2d 1043 (Fla. 3d DCA 1997), stating that no disclosure occurs in violation of the patient-confidentiality statute in situations where a physician confers with his or her own attorneys, whether or not employed by the physician or the physician's employer.
Although I do not consider respondents' arguments unreasonable, I strongly doubt that the linkage which exists between the university (a non-named defendant) and Shands was intended to be included within the exception to the confidentiality privilege provided in section 456.057, because of the absence of a clearly established employment relationship between Dr. Roper and defendant Shands. Accordingly, I concur with the majority in granting certiorari relief.