On Motion for Rehearing and Clarification
 

 VAN NORTWICK, J.
 

 Upon consideration of the Motion for Rehearing and Clarification, our opinion of March 13, 2009, is withdrawn and the following substituted therefor.
 

 Patricia Dannemann, the plaintiff in a suit which alleges that employees of Shands Teaching Hospital and Clinics, Inc. (Shands) negligently caused the death of her husband, seeks certiorari review of an order denying her motion to prohibit pre-deposition conferences between nonparty physicians, Dr. Beaver, Dr. Normana, and Dr. Cardona, employed by the University of Florida Board of Trustees (UFBOT), also a nonparty, and the counsel hired by the University of Florida Self Insurance Program (SIP), to represent these physicians at their depositions. SIP insures and defends both Shands and the University. The order would allow the physician witnesses to discuss the decedent’s medical condition. Because this case is controlled by our previous decision in
 
 Hannon v. Roper,
 
 945 So.2d 534 (Fla. 1st DCA 2006), and the Florida Supreme Court’s decision in
 
 Acosta v. Richter,
 
 671 So.2d 149 (Fla.1996), we grant the petition and quash the trial court’s order.
 

 Hannon
 
 also involved a suit against Shands for alleged medical malpractice causing the death of Hannon’s son. This court held in
 
 Hannon
 
 that the clear, unambiguous language of the patient confidentiality statute, section 456.057(6), Florida Statutes (2005), presently numbered as subsection (8), prohibits any nonparty physician from disclosing the decedent’s medical condition and history to the counsel hired by the defendant’s insurer to represent the physician at a deposition. We explained that there are only four circumstances that would allow a health care practitioner or provider to discuss a pa
 
 *248
 
 tient’s medical condition and treatment,
 
 Hannon,
 
 945 So.2d at 536, and none of those circumstances are present in this case. The legislature created the physician-patient privilege by statute “where none existed before, and [provided] an explicit but limited scheme for the disclosure of personal medical information.”
 
 Acosta,
 
 671 So.2d at 154. Though respondents believe the statute is ill-conceived, that is a matter for the legislature to address.
 

 Respondents raise the same constitutional issues that were raised in
 
 Hannon.
 
 Specifically, respondents contend that our application of section 456.057 in
 
 Hannon
 
 violates the physicians’ constitutional right to counsel protected by the free speech clause of the First Amendment and their rights under the due process clause of the Fourteenth Amendment. Amend. I, U.S. Const.; Amend. XIV § 1, U.S. Const. Respondents urge us to address these issues, arguing that they were unresolved in
 
 Han-non.
 
 Certainly, “no decision is authority on any question not raised and considered .... ”
 
 State ex rel. Helseth v. Du Bose,
 
 99 Fla. 812, 128 So. 4, 6 (1930). Even though this court in
 
 Hannon
 
 did not discuss the constitutional issues raised there, the court’s silence supports the necessary conclusion that those issues were considered and rejected. In
 
 Hannon,
 
 the court granted relief based upon section 456.057(6), which it could not have done had it been persuaded the statute was constitutionally infirm. We are bound by
 
 Hannon
 
 under the doctrine of stare
 
 deci-sis. N. Fla. Women’s Health and Counseling Servs., Inc. v. State,
 
 866 So.2d 612, 637 (Fla.2003) (“The doctrine of
 
 stare deci-sis,
 
 or the obligation of the court to abide by its own precedent, is grounded on the need for stability in the law and has been a fundamental tenet of Anglo-American jurisprudence for centuries.”). Further, we note that in
 
 Acosta
 
 the Supreme Court rejected the argument thát the limitations on disclosure in section 455.241(2), Florida Statutes (1993), are “somehow violative of a defendant physician’s First Amendment rights to free speech.”
 
 Acosta,
 
 671 So.2d at 156.
 

 The petition for writ of certiorari is GRANTED and the trial court’s order is QUASHED.
 

 PADOVANO, AND CLARK, JJ., concur.