SILBERMAN, Judge.
 

 Lee Memorial Health System (LMHS) seeks certiorari review of the order granting Jeffrey and Melissa Smith’s pretrial motion for protective order and prohibiting LMHS from having certain ex parte communications with its employee physicians. The question we must decide today is whether the circuit court departed from the essential requirements of the law by relying on the physician-patient privilege in section 456.057(8), Florida Statutes (2009), to preclude communication between LMHS and its physicians. We conclude that the physician-patient privilege does not apply to LMHS’s communications with its employee physicians because such communications are not “disclosures” that trigger the privilege. Accordingly, we grant the petition and quash the order on review.
 

 The Smiths filed the underlying medical malpractice action against LMHS asserting that LMHS provided negligent care and treatment to their infant daughter, Kiarra, in July 2007 which caused her to suffer permanent injuries. In its answer, LMHS admitted that by and through its employees and agents it fell below the standard of care, but it denied that those failures caused the injuries to Kiarra. Since July 2007 Kiarra has received followup medical care and treatment from several physicians employed by LMHS. In November 2009 the Smiths filed a motion for protective order seeking to prohibit LMHS and its legal counsel from having ex parte communications with Kiarra’s current treating physicians who were employed by LMHS.
 

 At the hearing on the Smiths’ motion, the Smiths argued that the physician-patient privilege prohibits LMHS’s current treating physicians from discussing Kiar-ra’s medical treatment with LMHS. In response, LMHS argued that, under
 
 Estate of Stephens ex rel. Clark v. Galen Health Care, Inc.,
 
 911 So.2d 277 (Fla. 2d DCA 2005), communication among the hospital representative, its lawyers, and its employees is not a violation of the physician-patient privilege.
 

 The circuit court issued an order granting the motion for protective order and prohibiting LMHS from having ex parte communication with treating physicians employed by LMHS about the post-injury treatment Kiarra received. The court determined that the physician-patient privilege prohibited these type of ex parte communications. Additionally, the court stated that
 
 Estate of Stephens
 
 did not apply to allow the ex parte communications between LMHS and its employee physicians because the communications would not concern the events giving rise to the malpractice complaint.
 

 In order to merit certiorari relief, a discovery order must “departf ] from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.”
 
 Allstate Ins. Co. v. Langston,
 
 655 So.2d 91, 94 (Fla.1995). While the effect of orders restricting allegedly privileged pretrial communications between a hospital and physician is difficult to assess, courts have repeatedly viewed such orders as resulting in material injury of an irreparable nature for purposes of certiorari review.
 
 Royal v. Harnage,
 
 826 So.2d 332, 337 (Fla. 2d DCA 2002) (citing
 
 Alachua
 
 
 *108
 

 Gen. Hosp., Inc. v. Stewart,
 
 649 So.2d 357 (Fla. 1st DCA 1995);
 
 Pub. Health Trust of Dade Cnty. v. Franklin,
 
 693 So.2d 1043 (Fla. 3d DCA 1997);
 
 Manor Care of Dunedin, Inc. v. Keiser,
 
 611 So.2d 1305 (Fla. 2d DCA 1992)).
 

 The only question that remains for us to consider then is whether the order in this case departed from the essential requirements of the law. The answer to this question is determined by whether the circuit court properly applied the physician-patient privilege in section 456.057(8) to preclude the ex parte communications at issue. Section 456.057(8) sets forth a physician-patient privilege limiting the disclosure of information provided “to a health care practitioner by a patient in the course of the care and treatment of such patient” with limited exceptions not applicable in this case.
 

 While the purpose of the statute is to protect a patient’s right to confidentiality of his or her medical treatment, there is a competing interest that employers be permitted to discuss a pending lawsuit with its employees.
 
 Estate of Stephens,
 
 911 So.2d at 280. In reconciling those competing interests, this court has determined that section 456.057(8) does not apply to communications between a hospital and its employee physicians because no “disclosure” occurs when a hospital and its employees discuss information obtained in the course of employment.
 
 Estate of Stephens,
 
 911 So.2d at 282. The court explained its reasoning as follows:
 

 Section 456.057(6)
 
 [1]
 
 states that “information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential.” The statute then goes on to discuss the exceptions to confidentiality, stating that patient information “may be disclosed only” when an exception applies. According to the plain language of the statute, a court reaches the question of whether there is an exception only upon finding that there is a disclosure.
 

 A doctor is not revealing a patient’s confidential patient information, in the sense contemplated by section 456.057, simply by discussing information obtained in the course of employment with employees or agents within a certain chain of health care communication-for instance with hospital management responsible for setting standards of care. These communications would not be disclosures requiring the Respondents to demonstrate that they fall into one of the exceptions for disclosing information.
 

 Id.
 
 (footnote omitted). This court noted that its holding would not allow physicians to discuss confidential patient information with
 
 all
 
 hospital employees.
 
 Id.
 
 at 282 n. 2. The court explained by example that its holding would allow physicians who are employees of the hospital to disclose patient information with the hospital’s risk manager, but the physician-patient privilege would still preclude such a disclosure to the garage security guard.
 
 Id,,
 
 at 282, 282 n. 2. The court added that the hospital’s “attorneys should also be able to speak with the [hospital’s] employees and agents as the corporate entities are able to function only through them.”
 
 Id.
 
 at 282.
 

 The circuit court here found
 
 Estate of Stephens
 
 distinguishable because the employee physicians in
 
 Estate of Stephens
 
 were involved in the treatment that formed the basis of the underlying lawsuit while the physicians here were involved in post-incident follow-up treatment. Thus,
 
 *109
 
 the circuit court focused on the fact that LMHS’s employees were not involved in the treatment that gave rise to liability. However, the basis of this court’s holding in
 
 Estate, of Stephens
 
 was the relationship between the employee physicians and the hospital, not the fact that the information sought related to the underlying cause of action.
 
 Estate of Stephens
 
 therefore applies, and communications to LMHS from its employee physicians regarding information obtained by the physicians in the course of employment are not “disclosures” that trigger the physician-patient privilege in section 456.057(8). The fact that the information relates to Kiarra’s post-incident treatment does not alter our conclusion that communications between LMHS and its employee physicians are not “disclosures” under the statute.
 

 Similarly, the Smiths’ reliance on
 
 Hannon v. Roper,
 
 945 So.2d 534 (Fla. 1st DCA 2006), and
 
 Dannemann v. Shands Teaching Hospital & Clinics, Inc.,
 
 14 So.3d 246 (Fla. 1st DCA 2009), is misplaced. The physicians in those cases were not employees of the defendant hospitals, and the appellate court declined to find an exception to section 456.057(8)’s physician-patient privilege for employees of an entity who have an “affiliation agreement” with the hospital.
 
 See Hannon,
 
 945 So.2d at 537 (Ervin, J., concurring);
 
 Dannemann,
 
 14 So.3d at 247.
 

 Thus, the circuit court’s failure to follow
 
 Estate of Stephens
 
 in this case constituted a departure from the essential requirements of the law. Accordingly, we grant LMHS’s petition for writ of certiorari and quash the protective order.
 

 Petition granted; order quashed.
 

 VILLANTI and LaROSE, JJ., Concur.
 

 [1]
 

 . Section 456.057(6), Florida Statutes (2003), is now section 456.057(8).
 
 See
 
 ch. 2006-271, § 1, at 2842, Laws of Fla.