# Third District Court of Appeal

## State of Florida

Opinion filed June 17, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-63
Lower Tribunal No. 12-43077
_____

**Debra Damsky and Gerald Damsky,**
Petitioners,

vs.

**University of Miami and Alan Livingstone, M.D.,**
Respondents.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Stanford Blake, Judge.

Leto Bassuk and Justin Leto; Hall, Lamb and Hall, Matthew P. Leto, for petitioners.

Fowler White Burnett and Marc J. Schleier, Erin Gaskin and Christopher Knight for respondents.

Before SUAREZ, LAGOA and EMAS, JJ.

EMAS, J.

Debra Damsky and Gerald Damsky challenge, by way of petition for writ of certiorari, the trial court's non-final order which authorized respondents and their counsel to engage in ex parte communications with Dr. Jamie Barkin, Debra Damsky's treating physician and a non-party to the litigation.[1]   Our scope of certiorari review is narrow, and a petitioner seeking such relief must establish that the order constitutes a departure from the essential requirements of law, resulting in irreparable harm, that cannot be remedied on post-judgment appeal.  Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812 (Fla. 2004).

The central issue in this petition is whether Dr. Barkin was, at all times material, an employee of the University of Miami or Mount Sinai Hospital, so as to determine whether such communications constitute "disclosures" prohibited by section 456.057, Florida Statutes (2015).  See generally, Lee Mem'l Health Sys. v. Smith, 40 So. 3d 106 (Fla. 2d DCA 2010); Estate of Stephens ex rel. Clark v. Galen Health Care, Inc., 911 So. 2d 277 (Fla. 2d DCA 2005).   Under the circumstances presented in this case, the question of whether such communications

---

[1] This is the second petition for writ of certiorari filed by petitioners regarding this issue.  Petitioners sought review of an earlier order that did not expressly authorize communication between Dr. Barkin and the University of Miami, but rather expressly prohibited such communication without further order of the trial court. We dismissed the first petition because, given the language of that order, petitioners could not demonstrate irreparable harm.  Damsky v. Univ. of Miami, 152 So. 3d 789 (Fla. 3d DCA 2014).  Thereafter, the trial court entered the order on review, which does expressly authorize ex parte communications between Dr. Barkin and the University of Miami and its counsel.

constitute disclosures under the statute involves issues of both fact and law. While the construction of relevant written agreements between Dr. Barkin, the University of Miami, and Mount Sinai is a question of law, the other factors and circumstances bearing upon the nature and scope of Dr. Barkin's employment relationship with the University of Miami and Mount Sinai Hospital are generally questions of fact. See, e.g., Jaar v. Univ. of Miami, 474 So. 2d 239 (Fla. 3d DCA 1985); Bryant v. Duval County Hosp. Auth., 459 So. 2d 1154 (Fla. 1st DCA 1984); Moles v. Gotti, 433 So. 2d 1380 (Fla. 2d DCA 1983). This fact-intensive determination was made by the trial court, based upon evidence presented at an evidentiary hearing. The trial court determined that Dr. Barkin was an employee of the University of Miami and concluded therefore that such communications were not prohibited under section 456.057. We cannot say that the trial court's determinations constitute a departure from the essential requirements of the law. Even if the trial court was presented with conflicting evidence on the issue of Dr. Barkin's employment relationship, the trial court by its determination resolved any such conflicts, and we are not at liberty to reweigh this evidence.

Petition denied.