454 So.2d 759 (1984)
NORTH FLORIDA REGIONAL HOSPITAL, INC., Also Known As North Florida Regional Hospital, and Parthenon Insurance Company, Petitioners,
v.
Nina Ann DOUGLAS and Ralph J. Douglas, Respondents.
No. BA-70.
District Court of Appeal of Florida, First District.
August 23, 1984.
*760 Marilyn R. McLean of Jones & Langdon, P.A., Gainesville, for petitioners.
W. Roderick Bowdoin of Darby, Peele, Bowdoin, Manasco & Payne, Lake City, for respondents.
MILLS, Judge.
Nina and Ralph Douglas sued North Florida Regional Hospital alleging negligent administration of chemotherapy to Nina. In a separate suit, the Douglases also sued a treating physician and Gainesville Obstetrics and Gynecology, P.A., alleging malpractice. In both cases, the Douglases sought discovery of the employment and personnel records of four nurses employed by the hospital and allegedly involved in the accident.
The defendants objected, the plaintiffs filed motions to compel, and the trial judge issued orders requiring the hospital to produce all employment and personnel records of the nurses excluding items that are "clearly committee evaluations." Among other things, the trial judge found:
a. Defendant has no standing to assert any rights of privacy that may inure to the benefit of the four above named individuals;
b. § 768.40, Fla. Stat., and its interpretive case law, prohibits discovery of committee evaluations of nurses; and
c. The items requested in the request to produce are relevant to the subject matter of the pending action and reasonably appear calculated to lead to the discovery of admissible evidence.
The trial judge also provided for in-camera inspection of items which the hospital is unable to determine are or are not committee evaluations.
The hospital (and the hospital's carrier) petition for a writ of certiorari quashing the orders. We deny the petition.
Orders relating to the scope of discovery are within the wide discretion of the trial court and should not be overturned absent departure from the essential requirements of law. Burroughs Corp. v. White Lumber Sales, Inc., 372 So.2d 122 (Fla. 4th DCA 1979).
The hospital has not proven it has standing to assert the privacy rights of the nurses. A mere employee/employer relationship is not the kind of special relationship necessary for third party standing. *761 See, Craig v. Boren, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976). Also, the nurses have moved to intervene. If they are allowed to intervene, they can assert their own rights.
Of course, the hospital may assert its own interests in preventing disclosure. In this regard, however, the hospital has asserted no privilege.
We agree with the trial judge's finding that discovery of the nurses' employment and personnel files is not completely barred by statute. We will not disturb the trial judge's findings of relevance.
The petition for writ of certiorari is denied.
BOOTH and BARFIELD, JJ., concur.