496 So.2d 259 (1986)
SENTINEL COMMUNICATIONS COMPANY, the Miami Herald Publishing Company, a Division of Knight-Ridder, Inc., and the Florida Publishing Company, Petitioners,
v.
Honorable William Carter GRIDLEY, Paula Hawkins, W.E. Hawkins, Cowles Broadcasting, Inc., and Channel Two Television Co. of Florida, Respondents.
No. 86-1893.
District Court of Appeal of Florida, Fifth District.
October 31, 1986.
Sanford L. Bohrer and Susan H. Aprill, of Thomson, Zeder, Bohrer, Werth, Adorno & Razook, Miami, Laura Besvinick, of Sharpstein & Sharpstein, P.A., Coconut Grove, Richard J. Ovelmen, Gen. Counsel, Miami, Harold B. Wahl and George B. Gabel, of Wahl & Gabel, Jacksonville, for petitioners The Miami Herald Pub. Co. and The Florida Pub. Co.
David L. Evans, of Mateer & Harbert, P.A., Orlando, for petitioner Sentinel Communications Co.
No appearance for respondents.
PER CURIAM.
The petitioners seek review pursuant to Florida Rule of Appellate Procedure 9.100(d) of an order entered October 30, 1986, by the Honorable William C. Gridley, denying them access to unfiled discovery materials. The trial court relied on the case of Palm Beach Newspapers, Inc., v. Burk, 471 So.2d 571 (Fla. 4th DCA 1985). The petitioners do not controvert the finding of Judge Gridley that the requested materials have not been filed of record in the circuit court.
Based upon the Palm Beach case and the prior opinion of this court in Ocala *260 Star Banner Corp. v. Sturgis, 388 So.2d 1367 (Fla. 5th DCA 1980), we deny the petition. See also Seattle Times Corp. v. Rhinehart, 467 U.S. 20, 104 S.Ct. 2119, 81 L.Ed.2d 17 (1984). Pursuant to Florida Rules of Appellate Procedure 9.125 and 9.030(a)(2)(B), we certify the following question to the Florida Supreme Court as a question of great public importance:
ARE UNFILED DISCOVERY MATERIALS IN A CIVIL CASE ACCESSIBLE TO THE PUBLIC AND HENCE TO THE PRESS?
DENIED.
UPCHURCH, C.J., and ORFINGER and COBB, JJ., concur.