510 So.2d 884 (1987)
MIAMI HERALD PUBLISHING COMPANY, et al., Petitioners,
v.
Honorable William Carter GRIDLEY, Judge, et al., Respondents.
No. 69684.
Supreme Court of Florida.
July 2, 1987.
Rehearing Denied September 3, 1987.
Richard J. Ovelmen, Gen. Counsel, The Miami Herald Publishing Company, Miami, Laura Besvinick of Greer, Homer, Cope & Bonner, P.A., Miami, Harold B. Wahl and George B. Gable of Wahl & Gable, Jacksonville, Parker D. Thomson and Susan H. Aprill of Thomson, Zeder, Bohrer, Werth & Razook, Miami, Edward Soto of Baker & McKenzie, Miami, and William G. Mateer and David L. Evans of Mateer & Herbert, Orlando, for petitioners.
Larry S. Stewart of Stewart, Tilghman, Fox & Bianchi, P.A., Miami, and Robert E. Bonner and Alton G. Pitts of Pitts, Eubanks, Hilyard, Rumbley & Meier, P.A., Orlando, for respondents.
EHRLICH, Justice.
We have for our review Sentinel Communications Co. v. Gridley, 496 So.2d 259, 260 (Fla. 5th DCA 1986), wherein the district court certified the following question of great public importance:

*885 ARE UNFILED DISCOVERY MATERIALS IN A CIVIL CASE ACCESSIBLE TO THE PUBLIC AND HENCE TO THE PRESS?
We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and answer this question in the negative based on our recent decision in Palm Beach Newspapers v. Burk, 504 So.2d 378 (Fla. 1987).
We recognize, of course, that our decision in Burk dealt with this issue in the context of criminal proceedings. However, the rationale employed in Burk leads us to the same conclusion here concerning the right of access in civil proceedings. We point out that in Burk we relied upon Seattle Times Co. v. Rhinehart, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), which was a civil case, in finding no right of access.
Accordingly, we answer the certified question in the negative and approve the decision of the district court below.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in result only.