779 So.2d 635 (2001)
ALTERRA HEALTH CARE CORPORATION, a/k/a Alternative Living Services, Inc., d/b/a Sterling House of Tallahassee, and Sterling House Corporation, d/b/a Sterling House of Tallahassee, Petitioners,
v.
Estate of Frances SHELLEY, By and Through Mark S. MITCHELL, Executor De Son Tort, Respondent.
No. 1D00-3260.
District Court of Appeal of Florida, First District.
March 8, 2001.
*636 Marie A. Borland and Donna J. Fudge of Hill, Ward & Henderson, P.A., Tampa, for petitioners.
Camille Godwin of Wilkes & McHugh, P.A., Tallahassee, for respondent.
PER CURIAM.
In this nursing home negligence case, the defendant, Alterra Health Care Corporation, has filed a petition for writ of certiorari, asserting that the trial court violated the privacy rights of its non-party employees and departed from the essential requirements of law by ordering Alterra to produce employee personnel files containing confidential information. We are bound by North Florida Reg'l Hosp., Inc. v. Douglas, 454 So.2d 759 (Fla. 1st DCA 1984), in which we held that an employer does not have standing to raise the privacy rights of its employees. Since, under Douglas, Alterra did not have standing to assert the privacy rights of its non-party employees, the trial court could not have departed from the essential requirements of law. We acknowledge and certify conflict with Beverly Enterprises-Florida, Inc. v. Deutsch, 765 So.2d 778 (Fla. 5th DCA 2000).
Alterra's petition is denied.
ERVIN and PADOVANO, JJ., concur; WOLF, J., concurs with opinion.
WOLF, J., specially concurring.
I concur because we are bound by North Florida Reg'l Hosp., Inc. v. Douglas, 454 So.2d 759 (Fla. 1st DCA 1984). If this court were able to work with a clean slate, however, I would follow the fifth district in Beverly Enterprises-Florida, Inc. v. Deutsch, 765 So.2d 778 (Fla. 5th DCA 2000). Innocent employees who are not parties to an action against their employer should not be required to hire a lawyer to protect their interests. It would be better to allow the employer, who is a party to the action and who collected the information, to assert its employees' privacy rights guaranteed by the Florida Constitution.[1]
NOTES
[1] The existing criteria for granting third party standing to assert a constitutional right are not a barrier in this case. See Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 623 n. 3, 109 S.Ct. 2646, 2651 n. 3, 105 L.Ed.2d 528 (1989); Craig v. Boren, 429 U.S. 190, 193, 97 S.Ct. 451, 455, 50 L.Ed.2d 397 (1976). Although Alterra's employees could potentially intervene, such intervention would be costly and inefficient. In addition, Alterra and its employees have a substantial relationship and consistent interests which favor the granting of third party standing.