811 So.2d 796 (2002)
SCI FUNERAL SERVICES OF FLORIDA, INC. and Service Corporation International, Petitioners,
v.
Joan LIGHT, Shirley Eisenberg and Carol Prisco, Respondents.
No. 4D02-581.
District Court of Appeal of Florida, Fourth District.
March 14, 2002.
*797 Barry R. Davidson, Samuel A. Danon and Christina T. Ng of Hunton & Williams, Miami, and Dennis M. O'Hara of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for petitioners.
Marc Cooper and Ervin A. Gonzalez of Colson, Hicks, Eidson, Colson, Cooper, Matthews, Martinez, Gonzalez, Kalbac & Kane, Coral Gables, and Neal W. Hirschfeld of Greenspoon, Marder, Hirschfeld, Rafkin, Ross & Berger, Fort Lauderdale, for respondents Joan Light, Shirley Eisenberg and Carol Prisco.
L. Martin Reeder, Jr. of Greenberg Traurig, P.A., West Palm Beach, for respondent The Palm Beach Post.
John R. Hargrove and Dana J. McElroy of Heinrich, Gordon, Hargrove, Weihe & James, P.A., Fort Lauderdale, and David S. Bralow, Orlando, for respondent The Sun-Sentinel Company.
WARNER, J.
Petitioners seek review of a protective order limiting public access to discovery conducted in the underlying action. Petitioners argue that the order did not go far enough in limiting the public's access to discovery. Because the trial court is granted broad discretion in determining what type of order is necessary, petitioners have failed to show a departure from the essential requirements of law. We deny the petition.
Petitioners ("SCI") own and operate several South Florida cemeteries know as "Menorah Gardens." The plaintiffs filed suit against SCI, on behalf of themselves and similarly situated individuals, alleging SCI mismanaged the cemeteries and otherwise engaged in wrongful conduct by selling burial plots without sufficient space, burying remains in the wrong plots, and desecrating remains in an effort to wrongfully conceal their mismanagement.
Before discovery began, SCI filed a motion for a protective order to, (1) exclude persons other than the parties and their attorneys from attending depositions in the case; (2) prohibit any of the parties, their attorneys, or court reporters from using or disseminating any information obtained in discovery without prior court approval; and (3) prohibit the parties or their attorneys from filing with the court any evidentiary matters or information obtained in discovery without first obtaining court approval. SCI's grounds for requesting such relief were, (1) protection of the privacy interests of plot owners in Menorah Gardens from being "unnecessarily upset" by the release of information, and (2) protection of SCI's right to a fair trial because of pretrial publicity.
The court held a hearing at which both the plaintiffs and news media organizations argued against a protective order. After hearing from all sides, the trial court *798 ordered the depositions closed to all but the parties, their attorneys, and a representative of the attorney general. However, it permitted the media to obtain the transcripts and videotapes of the depositions directly from the court reporter once they were finalized. The court also admonished all participants "to conduct themselves in a manner consistent with Florida Bar Rule 4-3.6 regarding trial publicity." Finally, the judge noted that prohibiting the dissemination of information may be more harmful than disseminating the condition of the cemetery to loved ones whose relatives are buried in Menorah Gardens and who are unaware of what has happened to their plots or their deceased loved ones' remains.
In its petition to this court, SCI maintains that there is no constitutional right to disseminate unfiled discovery information and that the protective order requested, prohibiting all access to discovery information without court approval, is essential to prevent harm to families whose private burial information will be the subject of the discovery. It is settled law that there is no First Amendment right of access to pretrial discovery materials. See Fla. Freedom Newspapers, Inc. v. McCrary, 520 So.2d 32, 35 (Fla.1988); Miami Herald Publ'g. Co. v. Gridley, 510 So.2d 884, 885 (Fla.1987) (extending the rule to pretrial discovery in civil proceedings); Palm Beach Newspapers, Inc. v. Burk, 504 So.2d 378, 382 (Fla.1987). However, because there is no right to this discovery, it does not necessarily follow that there is a constitutional right to prevent access to discovery. Indeed, in Seattle Times Co. v. Rhinehart, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), upon which our supreme court relied in Burk and Gridley, the Supreme Court explained that trial courts have broad discretion to decide what type of protective order may be necessary to prevent damaging information from being released. It stated:
[Washington Rule of Civil Procedure] 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. The legislature of the State of Washington, following the example of the Congress in its approval of the Federal Rules of Civil Procedure, has determined that such discretion is necessary, and we find no reason to disagree. The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.

Id. at 36, 104 S.Ct. 2199 (citations omitted) (emphasis added). Similarly, Florida Rule of Civil Procedure 1.280(c) provides for the issuance of protective orders upon good cause shown. Thus, the scope and limitation of discovery is within the broad discretion of the trial court. See Gross v. Sec. Trust Co., 453 So.2d 944, 945 (Fla. 4th DCA 1984).
No abuse of that discretion resulting in a departure from the essential requirements of law has been shown. The trial court considered the issues and the affidavits. Those affidavits attested to the significant publicity already surrounding the discovery of the desecrated graves and the victims' emotional upset regarding the cemetery's conditions. The trial court concluded that this publicity would not stop and that disseminating correct information would be more helpful than prohibiting the flow of all information to the plot owners and loved ones of persons buried in the cemetery.
Moreover, the trial court did offer some protection. The depositions could not be attended by the press. If highly confidential, private matters were revealed in the depositions, a motion for a protective order *799 could be filed to prevent the release of any particular deposition.
Finally, we question whether SCI may assert the privacy interests of the plot owners when the plaintiffs seek to represent the plot owners as a class and whose attorneys apparently already represent a sizeable portion of that class. See generally Alterra Health Care Corp. v. Shelley ex rel. Mitchell, 779 So.2d 635, 636 (Fla. 1st DCA 2001) (holding an employer does not have standing to raise the privacy rights of its employees). The plaintiffs and their attorneys clearly opposed the protective order sought by SCI.
Finding no departure from the essential requirements of law, the petition is denied.
POLEN, C.J., and STEVENSON, J., concur.