# Third District Court of Appeal

## State of Florida

Opinion filed December 10, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2024
Lower Tribunal No. 14-43077
_____


**Debra Damsky and Gerald Damsky,**
Petitioners,

vs.

**University of Miami and Alan Livingstone, M.D.,**
Respondents.


On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Stanford Blake, Judge.

The Leto Law Firm, and Justin C. Leto; Hall, Lamb and Hall, P.A., and Matthew P. Leto, for petitioners.

Fowler White Burnett, P.A., and Marc J. Schleier and Christopher E. Knight, for respondents.


Before SALTER, FERNANDEZ, and LOGUE, JJ.

LOGUE, J.

This petition for a writ of certiorari arises out of a lawsuit in which Debra Damsky and Gerald Damsky are suing the University of Miami and Alan Livingstone, M.D., for medical malpractice, which allegedly took place during a surgery performed on Ms. Damsky at Jackson Memorial Hospital. In the course of preparing the case for trial, the attorneys for the University made ex parte contacts with Dr. Jamie Barkin, a gastroenterologist at Mount Sinai Medical Center who treated Ms. Damsky for problems resulting from the surgery. The Damskys petitioned for a writ of certiorari to "quash the portion of the Lower Court's Order finding that any communication between Dr. Barkin and [the University] are privileged and that ex parte communications [by the University] with Dr. Barkin are permissible."

The substantive legal issue that underlies this petition involves whether Dr. Barkin is an employee of the University. The patient confidentiality provisions of section 456.057, Florida Statutes (2014), have been interpreted by the Florida Supreme Court to prohibit treating physicians from engaging in communications regarding their treatment of a patient to third parties, including attorneys, without the authorization of the patient. Hasan v. Garvar, 108 So. 3d 570, 577 (Fla. 2012). An exception to this rule permits a hospital to communicate with its employees about patient care in preparing the defense of a case in which the hospital is a defendant. Lee Mem'l Health Sys. v. Smith, 40 So. 3d 106, 109 (Fla. 2d DCA

2

2010); Estate of Stephens ex rel. Clark v. Galen Health Care, Inc., 911 So. 2d 277, 282 (Fla. 2d DCA 2005). The parties disagree whether this case comes within the ambit of this exception because they cannot agree whether Dr. Barkin, who works at Mount Sinai pursuant to an affiliation agreement between the University and Mount Sinai, is an employee of the University. The trial court ultimately determined that Dr. Barkin was an employee of the University.

Before reaching the substance of this issue, however, we must first determine if we have jurisdiction. Orders governing discovery are not one of the interlocutory orders that can be appealed as a matter of right. Fla. R. App. P. 9.130. Interlocutory orders that are not appealable as a matter of right, however, may be reviewed by a petition for a writ of certiorari. But a petition for writ of certiorari is not simply an alternative method to obtain an interlocutory appeal when the rules do not provide one. In fact, a petition for writ of certiorari is not an appeal. It is an original action seeking an extraordinary writ. It differs from an appeal in many ways. Among other things, the standard of review governing a petition for certiorari is much higher than the standard governing an appeal of right.

To prevail in its petition for a writ of certiorari, a party must demonstrate that the contested order constitutes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on post-judgment appeal. Sucart v. Office of the Comm'r, 129

So. 3d 1112, 1114 (Fla. 3d DCA 2013) (citation omitted). These last two elements are sometimes referred to as irreparable harm. <u>Nader v. Fla. Dep't of Highway Safety & Motor Vehicles</u>, 87 So. 3d 712, 721 (Fla. 2012).

This higher standard applies because a more relaxed standard would allow "piecemeal review of non-final trial court orders [that] will impede the orderly administration of justice and serve only to delay and harass." <u>Bd. of Trustees of Internal Improvement Trust Fund v. Am. Educ. Enters., LLC</u>, 99 So. 3d 450, 454 (Fla. 2012) (quotations and citations omitted). Under this high standard, few non-final orders qualify for the use of a writ of certiorari. <u>Citizens Property Ins. Corp. v. San Perdido Ass'n, Inc.</u>, 104 So. 3d 344, 351-52 (Fla. 2012).

Under the high standard for issuance of certiorari, the first and necessary condition is demonstration of irreparable harm. Mere legal error without irreparable harm, even a departure from the essential requirements of law, while appealable at the end of the case, is not a basis for the issuance of a writ of certiorari. Unless the petitioner establishes irreparable harm, the court must dismiss the petition for lack of jurisdiction. In this regard, the Florida Supreme Court has repeatedly emphasized that "[a] finding that the petitioning party has 'suffered an irreparable harm that cannot be remedied on direct appeal' is a 'condition precedent to invoking a district court's certiorari jurisdiction.'" <u>Bd. of Trustees</u>, 99

4

So. 3d at 454-55 (quoting Jaye v. Royal Saxon, Inc., 720 So. 2d 214, 215 (Fla. 1998)).

Turning to the order we are being asked to review, it is clear it does not inflict an "irreparable harm that cannot be remedied on direct appeal." First, the order prevents the Damskys from taking discovery to learn the contents of the communications between the University and Dr. Barkin. But an order that denies discovery normally does not rise to the level of irreparable harm because it can be readily remedied on appeal; therefore, "orders having the effect of denying discovery are almost invariably not reviewable by certiorari because of the absence of irreparable harm." Neeley v. CW Roberts Contracting, Inc., 948 So. 2d 844 (Fla. 1st DCA 2007); see also Esman v. Bd. of Regents, 425 So. 2d 156, 157 (Fla. 1st DCA 1983) ("[T]he trial court's interlocutory ruling denying discovery does not furnish the occasion for this court's intervention through the use of the extraordinary writ.").

Second, the Damskys contend that the order allows the University to engage in future ex parte communications with Dr. Barkin. Such an order may be reviewable by certiorari. See Lemieux v. Tandem Health Care of Fla., Inc., 862 So. 2d 745, 747 (Fla. 2d DCA 2003) (granting certiorari review of an order that permitted a rehabilitation clinic to conduct ex parte discussions with a patient's treating physicians); Melody v. State Dep't of Health & Rehabilitative Servs., 706

5

So. 2d 115, 116 (Fla. 4th DCA 1998) (holding certiorari review was appropriate to review an order that required a minor, in the minor's action against the Department of Health and Rehabilitative Services, "to execute a release to allow [the Department] to talk to her mental health care providers without her counsel being present, or alternatively for her treating doctors to speak to counsel for [the Department] ex parte").

But our examination of the order reveals that it does not authorize prospective ex parte communications. Although the order finds that Dr. Barkin is an employee of the University and therefore suggests that the trial court may authorize such communications, the order contains language that expressly prohibits such communications until further order of the court. At oral argument, the University acknowledged that under the existing trial court orders, the University and its lawyers cannot communicate with Dr. Barkin about his treatment of Ms. Damsky or matters relating to the underlying lawsuit unless and until they obtain an order from the court permitting such communication. The petition therefore does not demonstrate irreparable harm.

Petition for certiorari dismissed.