# Third District Court of Appeal

## State of Florida

Opinion filed May 11, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-994
Lower Tribunal No. 14-16018
_____

**E.G., a minor,**
Petitioner,

vs.

**The Department of Children, etc., et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Children & Youth Law Clinic at the University of Miami School of Law, and Robert Latham, for petitioner.

Karla Perkins, for respondent Department of Children and Families; Laura J. Lee (Sanford), for respondent Guardian ad Litem Program.

Before SUAREZ, C.J., and EMAS and LOGUE, JJ.

LOGUE, J.

E.G. (the "Minor") petitions this court for a writ of certiorari quashing paragraphs 1, 4, and 5 of the trial court's April 25, 2016 order in which the trial court directed the Minor to "voluntarily" enter into a residential drug treatment program and abstain from illegal drugs and from running away. For the reasons explained below, we issue the writ.

**FACTS**

The Minor is a fifteen-year-old dependent youth. In early September 2014, he was brought under the jurisdiction of the court following allegations that he had been abused and neglected by his mother.[1] The Minor has a history of emotional and behavioral difficulties. The Minor has been in foster care, and during his time there, he has undergone three separate assessments to determine his suitability for residential placement under section 39.407, Florida Statutes. None of these three assessments in the record concluded he was suitable for residential placement.

In June 2015, the Minor was reunified with his mother. Weeks later, as a result of conflict with his mother, the Minor overdosed on psychotropic medication while at his mother's house. He was then hospitalized and remained in a coma for several days. He was later transferred to the crisis stabilization unit at the hospital where he underwent a suitability assessment for placement in a residential treatment facility. The assessment found that even though the Minor "is currently

---

[1] The father is uncharged and resides outside of the United States.

evidencing emotional difficulties, they are not significant enough to warrant Residential Placement."

The Minor was returned to his mother's custody in October 2015. At his request, he was then removed from her custody and placed with a non-relative, where he remained for four months. At that time, he was given a second suitability assessment by a different evaluator. The second assessment found, in pertinent part, that the Minor "does not appear to meet the criteria for placement in a residential treatment program at this time . . . . Therefore, residential treatment is not recommended for [the Minor] at this time."

The placement with the non-relative was disrupted in February 2016, and thereafter, a third suitability assessment was conducted. The third assessment found, in pertinent part: "It is this assessor's clinical impression once again that although [the Minor] is currently evidencing emotional difficulties, they are not significant enough to warrant Residential Placement." The Minor was again returned to his mother's custody in March 2016, under the condition that he accompany her for a substance abuse assessment. The mother asserts that the substance abuse assessment determined that the Minor should receive residential placement. However, that assessment has not been made part of the record.

On March 17, 2016, the Minor was ordered to attend, with his mother, the intake into the inpatient substance abuse treatment program at Concept House. The

3

Concept House report has not been submitted to the court, however, the Department of Children and Family Services ("DCF") specified that the assessment did not find him suitable for its residential program and instead referred him to Atlantic Shores, another program. The Minor went to Atlantic Shores for the intake. However, when asked whether he entered the treatment facility voluntarily, he responded that he did not. Atlantic Shores, in turn, did not accept the court's March 17, 2016 order as a valid placement order and accordingly denied the Minor admission.

The mother subsequently filed a motion to have the Minor removed from her home and again placed into foster care. The motion was heard before the trial court on April 25, 2016. The trial court entered an order which required, in pertinent part, as follows:

> [The Minor] shall voluntarily submit himself to the inpatient treatment facility, Atlantic Shores, forthwith.
>
> . . . .
>
> While in Foster Care, [the Minor] shall abstain from drugs, alcohol use, and shall not run away from placement.
>
> The [Minor] shall submit to daily/random drug testing.

The Minor then filed this petition for writ of certiorari, asking this court to quash the trial court's order.

## ANALYSIS

Under Florida law, in order to obtain certiorari relief, a party must demonstrate "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on post-judgment appeal." Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014). The commitment of a minor to a residential facility, if illegal, obviously constitutes irreparable harm under the certiorari standard.

In regard to paragraph 1 of the order, we agree with the Minor that the trial court lacked the authority to direct him to "voluntarily submit himself" to the residential treatment facility. Section 397.601, Florida Statutes, governs voluntary admission into substance abuse treatment facilities. It provides that "[a] person who wishes to enter treatment for substance abuse may apply to a service provider for voluntary admission." § 397.601(1), Fla. Stat. (2015). This statute is intended to address the circumstance in which a person decides to enter the program under his or her own volition. The statute does not authorize a court to "order" a person to "voluntarily" enter treatment. Another statute, section 397.675, Florida Statutes (2015), addresses the circumstances in which a court has the power to order a person into treatment against their will. The order and record under review, however, purports to involve a voluntary placement. We decline to rewrite the order in an attempt to justify it.

DCF argues that the trial court's order is authorized by section 39.001(6)(c), Florida Statutes (2015). However, on its face, section 39.001(6)(c) contains no language which can be interpreted as authorizing a court to order a minor to "voluntarily" commit to a residential treatment program. We therefore reject DCF's argument.

The trial court also lacked the authority to impose the requirements in paragraphs 4 and 5 of the order. Appellate courts have granted certiorari relief where a trial court has ordered improper drug testing. See In re S.M., 136 So. 3d 1271 (Fla. 2d DCA 2014). Although Chapter 397 includes various sections, such as section 397.6811, whereby a court could ostensibly order an assessment, there is no statutory authorization for indefinitely recurring drug testing of dependent children. Because no explanation was offered for the need of such testing in this child's situation, and we cannot independently find such reason in this record, we quash this language.

Likewise, we can discern no legal justification for the court to separately order that the Minor "shall abstain from drugs." Of course, children in foster care, as all other youths, can be found delinquent for the use or possession of illegal drugs and alcohol under other unrelated Florida statutes. We are concerned that the practice of including such language without explanation or apparent purpose related to the individual circumstances of the juvenile may lead to the unfortunate

6

use of the contempt power, rather than the statutory procedure, to address a minor's use of illegal drugs. Similarly, there is no language in Chapter 39 which provides authorization for the court to order a child to not run away from placement under fear of being held in contempt. We recognize that the trial court is working to provide needed care and treatment for this youth, but the court must work within the available statutory framework.

Based upon the foregoing, we grant the petition for writ of certiorari, quash paragraphs 1, 4, and 5 of the trial court's order, and remand for further proceedings.