# Third District Court of Appeal

## State of Florida

Opinion filed June 6, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D18-504; 3D18-511 & 3D18-645
Lower Tribunal No. 14-15806

_____

**C.H.-C., a juvenile, et al.,**
Petitioners/Appellants,

vs.

**Miami Herald Publishing Co., et al.,**
Respondents/Appellees.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Jason E. Dimitris, Judge. (3D18-511).

Non-final Appeals from the Circuit Court for Miami Dade County, Jason E. Dimitris, Judge. (3D18-504 and 3D18-645).

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Philip L. Reizenstein, Assistant Regional Counsel; Law Office of Richard F. Joyce, P.A., and Richard F. Joyce; Laura J. Lee and Thomasina Moore (Sanford), for Guardian ad Litem Program, for petitioners/appellants.

Holland & Knight LLP, and Sanford L. Bohrer and Scott D. Ponce, for respondents/appellees Miami Herald Media Company and Carol Marbin Miller; Leslie Hinds, for respondent Department of Children and Families.

Before ROTHENBERG, C.J., and LAGOA and LOGUE, JJ.

LOGUE, J.

In these three cases, which we consolidate, C.H.-C., a juvenile, has filed a petition for writ of certiorari, he and his siblings have filed an appeal, and his mother has filed a separate appeal, challenging an order entered by the trial court which they characterize as allowing a newspaper to have access to confidential court records. Because the court has not yet entered an order granting access to the records at issue—the order under review merely establishes a procedure for an in-camera review of proposed redactions—we dismiss the petition and the appeals for lack of jurisdiction.

C.H.-C, his siblings, and their parents are the subjects of dependency proceedings filed by the Florida Department of Children and Families. The Miami Herald and one of its reporters noted for her reporting of child welfare matters, Carol Marbin Miller, moved to intervene in the proceedings and obtain an audio recording or transcript of a January 17, 2018 judicial review hearing. Rule 2.420 of the Florida Rules of Judicial Administration requires public access to most court records but protects the confidentiality of certain court records including "Chapter 39 records relating to dependency matters." Chapter 39 courtroom proceedings are open to the public but court records in Chapter 39 proceedings are not accessible to the public except "upon order of the court by persons deemed by the court to have a proper interest therein." § 39.0132(3), Fla. Stat (2017).

In the order under review, the trial court held the Miami Herald and the reporter "have standing to intervene for the purpose of obtaining access to the transcript and/or recording of the January 17, 2018 hearing and they are persons whom the Court deems to have proper interest in the records at issue." The order provides for an in-camera inspection of the transcript. In pertinent part, the order reads:

> 2. In light of the circumstances in which this issue has arisen, and in an abundance of caution, this Court has directed that a transcript of the January 17 hearing be circulated to permit any of the parties, including the Attorney ad Litem, to ask the Court to redact portions of the transcript prior to providing it to Movants.
>
> 3. Without objection from the parties, the Court will permit Mr. Bohrer, counsel for Movants, to respond to any proposed redactions, which process will be conducted *in camera*. In consideration for being permitted to participate in this process, Mr. Bohrer shall not disclose anything learned during this *in camera* process to Movants.

As the language indicates, although the order states it is "granting" the motion, it does not actually grant the Herald or its reporter access to the transcript as requested in the motion. Instead, it establishes a procedure for a review of further objections in an in-camera proceeding. Any order granting access will be entered, if at all, only after the in-camera hearing. Although the order holds the Herald and the reporter have standing and are deemed to have a proper interest,

this holding itself is non-final and can be changed by the trial judge before it actually grants access.

We therefore lack jurisdiction to hear the appeals of this order because it is non-final and is not one of the enumerated non-final orders that are subject to interlocutory appeal. See Fla. R. App. P. 9.130(a)(3). We also lack jurisdiction to issue a writ of certiorari regarding this order because it does not actually grant access to records of the judicial branch and it presents no irreparable harm that cannot be corrected by appeal or petition for certiorari when and if the trial court grants the Herald and its reporter access. See, e.g., Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014) ("Unless the petitioner establishes irreparable harm, the court must dismiss the petition for lack of jurisdiction."); see also Fla. R. App. P. 9.100(d)(1).

Dismissed.