# Third District Court of Appeal

## State of Florida

Opinion filed February 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1727
Lower Tribunal No. 16-30551
_____

**Martha L. Valencia,**
Petitioner,

vs.

**PennyMac Holdings, LLC, et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Michael Van Cleve, Law and Michael Van Cleve, for petitioner.

Akerman LLP, and Nancy M. Wallace (Tallahassee); Akerman LLP, and William P. Heller (Ft. Lauderdale); Akerman LLP, and Eric M. Levine (West Palm Beach), for respondent U.S. Bank N.A. as Trustee, etc.

Before LOGUE, LINDSEY, and LOBREE, JJ.

LINDSEY, J.

Petitioner Martha Valencia seeks a writ of certiorari quashing a circuit court order prohibiting her from "disseminating, publishing, distributing, or using the records (written, audio, and visual) of U.S. Bank's corporate representative outside of this litigation." Because Valencia has not demonstrated irreparable harm that cannot be remedied on appeal, we dismiss the petition.

This residential mortgage foreclosure action was filed in November 2016.[1] Valencia served notice in August 2020 that she intended to take a video deposition of U.S. Bank's corporate representative. U.S. Bank moved for a protective order pursuant to Florida Rule of Civil Procedure 1.280(c). U.S. Bank did not object to the deposition but requested an order prohibiting the video recording of the deposition or, in the alternative, publication of the video. Following a hearing, the lower court entered an order allowing Valencia to videotape the deposition but prohibiting her from disseminating the video.

Valencia appealed the non-final discovery order. U.S. Bank filed a motion to dismiss, asserting that the order is not one of the enumerated appealable non-final orders under Florida Rule of Appellate Procedure

---

[1] PennyMac Holdings, LLC was the original plaintiff. On January 18, 2019, U.S. Bank, National Association, as trustee for the RMAC Trust, Series 2016-CTT, was substituted in as the plaintiff below.

9.130.  See Pescod v. Wells Rd. Veterinary Med. Ctr., Inc., 748 So. 2d 1095, 1097 (Fla. 1st DCA 2000) (holding that a protective order entered pursuant to Florida Rule of Civil Procedure 1.280(c) is a non-final order over which the court lacks appellate jurisdiction); Damsky v. Univ. of Miami, 152 So. 3d 789, 791 (Fla. 3d DCA 2014) ("Orders governing discovery are not one of the interlocutory orders that can be appealed as a matter of right." (citing Fla. R. App. P. 9.130)).  This Court entered an order on December 31, 2020, treating the appeal as a petition for a writ of certiorari pursuant to Florida Rule of Appellate Procedure 9.040(c).[2]

Because certiorari is an extraordinary writ, "the standard of review governing a petition for certiorari is much higher than the standard governing an appeal of right."  Damsky, 152 So. 3d. at 792.  "A party seeking certiorari review must demonstrate (1) that the contested order results in material injury in the proceedings that cannot be corrected on post-judgment appeal and (2) that the order departs from the essential requirements of the law."  Piquet v. Clareway Props. Ltd., 45 Fla. L. Weekly D2508 (Fla. 3d DCA Nov. 12, 2020).  "[T]he Florida Supreme Court has repeatedly emphasized that

---

[2] In her response to the motion to dismiss, Petitioner requested that the appeal be treated as a petition for writ of certiorari should the order not be an appealable non-final order under Florida Rule of Appellate Procedure 9.130.

'[a] finding that the petitioning party has "suffered an irreparable harm that cannot be remedied on direct appeal" is a 'condition precedent to invoking a district court's certiorari jurisdiction.'" Id. (alterations in original) (quoting Damsky, 152 So. 3d at 792).

Here, Petitioner has failed to demonstrate irreparable harm that cannot be remedied on direct appeal. Petitioner argues the lower court's order prohibiting her from disseminating a videotaped deposition "unconstitutionally gags" her speech. As an initial matter, Petitioner has not explained why this harm cannot be remedied on appeal. Moreover, "[i]t is settled law that there is no First Amendment right of access to pretrial discovery materials." SCI Funeral Servs. of Fla., Inc. v. Light, 811 So. 2d 796, 798 (Fla. 4th DCA 2002) (citing Fla. Freedom Newspapers, Inc. v. McCrary, 520 So. 2d 32, 35 (Fla.1988); Miami Herald Publ'g. Co. v. Gridley, 510 So. 2d 884, 885 (Fla.1987) (extending the rule to pretrial discovery in civil proceedings); Palm Beach Newspapers, Inc. v. Burk, 504 So. 2d 378, 382 (Fla.1987)). Further, "trial courts have broad discretion to decide what type of protective order may be necessary to prevent damaging information from being released." Id.

Because Petitioner has failed to satisfy the jurisdictional irreparable harm requirement necessary for certiorari relief, we dismiss the petition.

4

Petition dismissed.