# Third District Court of Appeal

## State of Florida

Opinion filed August 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0747
Lower Tribunal No. 21-24025-CA-01
_____


**Greater Miami Expressway Agency, et al.,**
Petitioners,

vs.

**Miami-Dade County Expressway Authority, et al.,**
Respondents.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Lawson Huck Gonzalez, PLLC, and Alan Lawson, Paul C. Huck, Jr., Jason Gonzalez, Jessica Slatten and Raymond Cordova (Tallahassee), for petitioners.

Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., and Eugene E. Stearns, Glenn Burhans, Jr., and Melanie R. Leitman (Tallahassee); DeLeon & DeLeon, and Kirk D. DeLeon, for respondent Miami-Dade Expressway Authority; Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Michael B. Valdes and Miguel A. Gonzalez, Assistant County Attorneys, for respondent Miami-Dade County.

Ryan Newman, General Counsel, and Nicholas J.P. Meros, Deputy General Counsel (Tallahassee), for Governor Ron DeSantis; David Axelman, General Counsel, and Hannah DuShane, Deputy General Counsel (Tallahassee), for The Florida House of Representatives; Carlos A. Rey, General Counsel, and Oliver Lawrence Thomas, Deputy General Counsel (Tallahassee), for The Florida Senate, as amici curiae.

Before SCALES, LOBREE and BOKOR, JJ.

PER CURIAM.

Petitioners Greater Miami Expressway Authority, Marili Cancio, Richard Blanco, Stacy Miller, Rudolfo Pages, and Fatima Perez (collectively, "GMX") seek certiorari relief from an April 25, 2024 trial court order that denied GMX's motion in limine and for protective order to prohibit discovery related to an act adopted by the Florida Legislature in 2023, that the underlying litigation seeks to void.[1] GMX's principal argument is that, because the underlying dispute involves purely legal questions, no discovery

---

[1] In establishing GMX, the Legislature sought to dissolve the Miami-Dade County Expressway Authority ("MDX"), which hitherto had operated the expressways in Miami-Dade County. The legislation established GMX's jurisdiction as including both the entirety of Miami-Dade County and a portion of Monroe County. Miami-Dade County (the "County") and MDX regard this legislation as an unconstitutional usurpation of the County's home rule powers. The County then enacted an ordinance declaring the state statute a nullity and re-establishing MDX. MDX's action in circuit court – to which the County became an intervenor-plaintiff – seeking declaratory and injunctive relief against GMX, asserts that the legislation's inclusion of a portion of Monroe County made it an impermissible special law. This is the underlying litigation from which springs the discovery dispute of GMX's certiorari petition. We express no opinion on the merits of the underlying litigation.

2

in this case is necessary; and yet, the trial court's discovery order purportedly grants respondents MDX and the County *carte blanche* discovery of irrelevant material.

"To prevail in its petition for a writ of certiorari, a party must demonstrate that the contested order constitutes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on post-judgment appeal." Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014).

While GMX's argument may have bearing on the issue of whether the trial court departed from the essential requirements of law, on certiorari review, we do not reach that prong of the analysis unless and until GMX first establishes certiorari's jurisdictional prong: whether the challenged order results in irreparable harm that cannot be remedied on appeal. Id. ("Under the high standard for issuance of certiorari, the first and necessary condition is demonstration of irreparable harm. Mere legal error without irreparable harm, even a departure from the essential requirements of law, while appealable at the end of the case, is not a basis for the issuance of a writ of certiorari."). Although GMX casts all or most discovery here as irrelevant in that there need be no inquiry into the Legislature's objective in enacting the

3

statute, the trial court's denial of the motion in limine and protective order is not perforce a grant of *carte blanche* irrelevant discovery and, therefore, is not in itself materially injurious to GMX. <u>See</u> <u>Allstate Ins. Co. v. Langston</u>, 655 So. 2d 91, 94-95 (Fla. 1995). Indeed, MDX and the County's intended discovery appears relevant to the central issue of the dispute: whether the statute is an impermissible special law. <u>See</u> <u>Oakley Transp. Grp., Inc. v. Shinault</u>, 341 So 3d 440, 442 (Fla. 3d DCA 2022) ("Because the subject discovery requests are reasonably calculated to lead to the discovery of admissible evidence, [petitioner] cannot establish the requisite irreparable harm for granting certiorari relief.").

GMX is at a structural disadvantage in this regard as a public entity. Establishing irreparable harm here presents a special challenge for GMX because its records are generally subject to Florida's Public Records law, chapter 119 of the Florida Statutes. GMX has not asserted (either below or in this Court) that any of the discovery sought by the County and MDX are subject to an exception to the Public Records Law or is otherwise privileged or confidential. <u>See</u> <u>Nat'l Youth Advocacy Program v. K.G.</u>, 47 Fla. L. Weekly D2234, 2022 WL 16628915, at *1 (Fla. 1st DCA Nov. 2, 2022).

We, therefore, are compelled to dismiss GMX's petition for lack of jurisdiction because GMX has failed to establish how the challenged order

4

would result in irreparable harm.[2] <u>See</u> <u>Fla. Power & Light Co. v. Cook</u>, 277 So. 3d 263, 265 (Fla. 3d DCA 2019) (holding that a party that moved for protective orders from discovery failed to establish irreparable harm upon denial of its motion).

Petition dismissed.

---

[2] This opinion decides the narrow issue of whether the denial of the motion in limine and protective order triggers certiorari relief under the circumstances present here. We take no position as to the propriety of any protective order or other such relief aimed at specific discovery requests once those requests are made.