# Third District Court of Appeal

## State of Florida

Opinion filed September 4, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-196
Lower Tribunal No. 22-45098-CC-23
_____


**Citizens Property Insurance Corporation,**
Petitioner,

vs.

**Cheria Walden,**
Respondent.


A Writ of Certiorari to the County Court for Miami-Dade County, Ayana Harris, Judge.

Link & Rockenbach, PA, and Kara Rockenbach Link and Daniel M. Schwarz (West Palm Beach); Bronstein & Carmona, P.A., and Hector E. Valdes-Ortiz (Fort Lauderdale), for petitioner.

Elite Insurance Law, PLLC, and Chrystal P. Robinson (Boca Raton), for respondent.


Before SCALES, GORDO and BOKOR, JJ.

SCALES, J.

Petitioner, defendant below, Citizens Property Insurance Corporation ("Citizens") seeks certiorari review of a December 31, 2023, non-final order denying its motion to dismiss the operative amended complaint for respondent, plaintiff below, Cheria Walden's failure to comply with the presuit notice requirements of section 627.70152 of the Florida Statutes. For the following reasons, we grant certiorari and quash the challenged order.

To obtain a writ of certiorari, the petitioner must establish "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on post-judgment appeal." Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014). The elements of material injury and the absence of a remedy on appeal – sometimes referred to together as "irreparable harm" – are jurisdictional requirements for certiorari relief. Gonzalez v. State, 15 So. 3d 37, 39 (Fla. 2d DCA 2009). "Unless the petitioner establishes irreparable harm, the court must dismiss the petition for lack of jurisdiction." Damsky, 152 So. 3d at 792.

Whether an order denying an insurer's motion to dismiss for an insured's failure to comply with section 627.70152's presuit notice requirements is reviewable via a petition for certiorari is an issue of first impression in Florida's appellate courts. We have little trouble, though, in

determining that such orders are reviewable via certiorari based on the bevy of medical malpractice cases finding that a litigant's failure to satisfy the mandatory presuit procedures set forth in chapter 766 satisfies the threshold jurisdictional inquiry. See e.g. Dial 4 Care, Inc. v. Brinson, 319 So. 3d 111, 113 (Fla. 3d DCA 2021) ("Although certiorari generally does not lie to review the denial of a motion to dismiss, there is a well-established exception for motions to dismiss for failure to comply with presuit conditions precedent." (quoting Kissimmee Health Care Assocs. v. Garcia, 76 So. 3d 1107, 1108 (Fla. 5th DCA 2011))); Brundage v. Evans, 295 So. 3d 300, 303 (Fla. 2d DCA 2020) ("We have jurisdiction because the deficiencies in the presuit notice requirements asserted by Defendants in this case constitute the type of irreparable harm for which certiorari lies."); Baptist Med. Ctr. of Beaches, Inc. v. Rhodin, 40 So. 3d 112, 115 (Fla. 1st DCA 2010) ("Under a jurisdictional analysis, certiorari review is proper if the trial court's order fails to satisfy the mandatory presuit procedures in chapter 766, which are a condition precedent to a medical malpractice suit."). Section 627.70152 cannot be meaningfully enforced on post-judgment appeal because the purpose of providing the presuit notice is to prevent the premature filing of a lawsuit.

We, therefore, turn to whether the challenged order constitutes a departure from the essential requirements of the law. The issue of an

3

insured's compliance with section 627.70152's presuit notice requirements presents an issue of law. See Rhodin, 40 So. 3d at 116 (concluding, in the medical malpractice context, that "whether a claimant has satisfied the threshold requirements of the presuit notice investigation, warranting denial of the defendant's motion to dismiss, presents an issue of law").

Section 627.70152 – which "applies exclusively to all suits arising under a residential or commercial property insurance policy" – requires insureds who wish to sue their property insurance carrier to first file a written, presuit notice of their intent to initiate litigation with Florida's Department of Financial Services. See § 627.70152(1), (3), Fla. Stat. (2022). If an insured files suit without first providing the required presuit notice, or without giving the insurance carrier adequate time to respond to the notice, the trial court "must dismiss" the insured's action without prejudice. See § 627.70152(5), Fla. Stat. (2022). Here, it is not disputed that Walden failed to provide presuit notice prior filing her lawsuit. Nevertheless, the trial court denied Citizens's motion to dismiss Walden's amended complaint because the court found that section 627.70152's presuit notice requirements do not apply where the insured's lawsuit seeks only contract interpretation under Chapter 86 of the Declaratory Judgment Act.

We need not reach the legal question of whether section 627.70152's presuit notice requirements apply to declaratory judgment actions because Walden's amended complaint plainly alleges a thinly veiled breach of contract claim against Citizens that seeks damages for Citizens's alleged failure to make a sufficient loss payment for a covered claim. On these facts, we conclude that the trial court departed from the essential requirements of law when it denied Citizens's motion to dismiss Walden's amended complaint that clearly alleged a first party breach of contract action. See Brundage, 295 So. 3d at 306 (concluding that the trial court departed from the essential requirements of the law in misapplying a statute's mandatory presuit procedures). We, therefore, grant the petition and quash the challenged order.

Petition granted; order quashed.